AUSTIN SUMNER and JOHN R. KIMBALL, *Plaintiffs in Error.*

*vs.*

IRA W. BOWEN, *Defendant in Error.*

ERROR TO THE FOND DU LAC CIRCUIT COURT.

The liability of an endorser of a promissory note is conditional; it depends on his being informed or notified that the note has become due, has been presented for payment, and that payment has been refused.

It is not essential, in order to render the endorser of a promissory note liable, that there should be a formal protest made. It is enough if he have had notice of the presentment and dishonor of the note.

In cases arising upon foreign bills of exchange, a protest is necessary to fix the endorser, and in such cases the protest itself is, by the law, merchant evidence of presentment and dishonor; but in cases upon promissory notes under that law, a protest is not in itself evidence of presentment and dishonor. These facts must, in cases of the latter kind, be established by other competent proof.

But our statute has changed the general commercial law as to the effect of a protest, or certificate of a notary, in case of a promissory note. In such case, the protest or the certificate of the notary is evidence, under our statute, of such facts as are required to be certified, when they are recited, but of no other facts.

Where notice of protest of a note has been given, containing all of the requisites which the law prescribes, it is necessary to prove the contents of the notice, so that the court or jury, as the case may be, may be enabled to determine the sufficiency of the notice.

Section 60, of chapter IX. of the Revised Statutes, which makes the certificate of a notary presumptive evidence of the presentment of a bill, or note for payment, of the protest thereof for non-payment, or non-acceptance, and "of the service of notice thereof," does not in any way change the requisites or substance of the notice, or dispense with proof of what the notice was.

This was an action of assumpsit, brought upon a promissory note by the plaintiffs in error, as partners, against the defendant in error, as endorser of a promissory note, of which the following is a copy:

"$219.76.        "Fond du Lac, November 6, 1851.

"On the first day of March next, I promise to

" pay I. W. Bowen or order, two hundred and nine-
" teen 76-100 dollars, value received.

Dec. Term
1853.

Sumner &
Kimball
vs.
Bowen.

" C. DeWolf.

Endorsed " Ira W. Bowen."

The declaration was in the usual form, counting specially upon said note as endorsees, against the endorser, Bowen, together with the common money counts, &c., and a copy of the note and endorsement given.

The plea was the general issue, with notice " that the said defendant, at the trial of the above cause, will insist upon and give in evidence under the general issue above pleaded, that the promissory note declared upon by the plaintiffs in this cause, a copy of which, endorsed upon the declaration in said suit, was endorsed by this defendant to said plaintiffs for the payment of a balance due from defendant to plaintiffs, on account, which balance is less than the amount of said note, and that the balance of said note, when collected, was by agreement between the plaintiffs and this defendant, to be paid to defendant's order ; that there is only due to the plaintiffs upon said note, or upon account, or otherwise, the sum of seventy dollars, which said sum this defendant has always been ready to pay to said plaintiffs on demand."

The cause was tried at the April term, 1852, when the defendant had judgment.

On the trial in the court below, the plaintiff gave in evidence the note aforesaid, together with the endorsement thereon. They then offered in evidence a written instrument, which (after describing the note and parties thereto) is as follows :

" Be it known, that on this fourth day of March, in the year of our Lord one thousand eight hundred and

fifty-two, I, John B. F. Russell, notary public, duly commissioned and sworn, and residing in the city of Chicago, in said county and State, at the request of George Smith & Co., went with the original note, of which a true copy is above written, to the place of business of C. DeWolf, and demanded personally of him payment, which was refused. Whereupon, I, the said notary, at the request aforesaid, did protest, and by these presents do solemnly protest, as well against the drawer of said note, the endorser thereof, as against all others whom it doth or may concern, for exchange, re-exchange, and all costs, charges, damages and interest, already incurred by reason of the non-payment of the said note. And I, the said notary, do hereby certify that on the same day and year above written, due notices of the foregoing protest were put in the post office at Chicago, as follows: 'Notice for C. DeWolf, Chicago; Notice for Ira W. Bowen, Fond du Lac.' Each of the above named places being the reputed place of residence of the persons to whom this notice was directed.

"In testimony whereof, I have hereunto [L. S.] set my hand and affixed my official seal, the day and year above written.

"J. B. F. RUSSELL, *Notary Public.*

To which the counsel for the defendant objected; upon which objection the judge below decided that the said instrument was evidence of the protest of the said note, but not evidence of notice of such protest to the defendant; to which ruling exception was taken. The cause was submitted to the jury upon the evidence above stated, and upon the charge of the court, among other things, as follows:

"That the said paper, protest, or instrument so of-

fered to be given in evidence to the jury, was not ev- <span style="float:right">Dec. Term 1858.</span> idence of notice to said defendant of the dishonor of said note, and that for want of proof of notice to <span style="float:right">Sumner & Kimball</span> said defendant of the dishonor of said note by the <span style="float:right">vs. Bowen.</span> maker thereof, they must find a verdict for the defendant." To which said ruling of the court the plaintiffs excepted.

*Gillett & Truesdell,* for the plaintiffs in error.

*Eastman & Paine,* for the defendant in error, argued the following points:

An endorser of a promissory note is not liable, without notice of demand and non-payment. *Story on Prom. Notes, sec.* 299.

Plaintiffs in error rely upon the certificate of a notary public of the State of Illinois as evidence of due notice to the endorser.

Whether this certificate should have been received as evidence, was a matter for the court to decide. 23 *Wend. R.* 620.

And could not depend upon the laws of the State of Illinois, if at all, without proof of a law there authorizing such evidence. *Story on Conflict of Laws, sec.* 637; 2 *Chandler,* 158.

At common law, *giving notice* is no part of the notary's duty. 2 *J. R.* 204; 6 *Wharton R.* 406–415; 2 *Hill,* 231; *Brooks' Office of Notary,* 79 *and* 139.

If it were, still the rule would not apply to promissory notes, for no protest is required to be made upon the dishonor thereof, except upon the positive requirement of some statute. 2 *Howard Sup. Ct. R.* 66; 6 *Wheat. R.* 146; 7 *Bing.* 530; *Story Prom. Notes p.* 354.

Dec. Term
1853.

Sumner &
Kimball
vs.
Bowen.

A practice to have promissory notes protested by notaries public, does not change the general rule of law.

The intervention of a notary is unnecessary. He acts simply as the agent of the holder, and his acts are not official.

The notorial certificate of notice to the endorser, is not, therefore, evidence of itself in chief of the fact of notice, as it would be of *protest* in cases of *foreign bills of exchange*. *Story on Prom. Notes, sec.* 297 ; 8 *Wheat. R.* 326–331.

The statute (*R. S. p.* 90,) is entire, and must be construed together.

It is in contravention of the common law, and must be construed strictly, and nothing can be presumed or taken by inference. *Dwarris on Statutes,* 695 *and* 699 (*margin*).

The penalty for misconduct of notaries cannot extend to foreign notaries. *R. S. p.* 91, § 65.

This certificate does not comply with the statute. It does not lay the foundation for service of notice by *mail*, by showing defendant's residence to be more than two miles from Chicago.

It does not show that it was sent to the post office nearest to the reputed residence of the defendant.

It does not show that the notice was sent to Fond du Lac, in the State of Wisconsin.

It does not show that the notice was "*forwarded* by mail, or other safe conveyance."

It is too indefinite as to the reputed place of residence of defendant, and as to service. It may be true in point of fact, and yet not comply with the statute, and avoid the penalty mentioned in section sixty-five.

*By the Court*, CRAWFORD, J.   On the trial of this cause in the Circuit Court, the plaintiffs gave in evidence the promissory note sued upon, with the endorsement of the defendant Bowen, to whom the note was made payable.   They then gave in evidence a protest of said promissory note, made and attested under his special seal, by John B. F. Russell, a notary public, residing in the city of Chicago.   This being all the evidence offered in the case, the circuit judge charged the jury that the protest offered in evidence was not evidence of notice to the defendant Bowen, sufficient to render him liable as endorser.   To this charge, the plaintiff excepted, and a judgment having been rendered in favor of the defendant Bowen, the plaintiffs have sued out this writ of error.

We see no error in the charge of the court.   In the case of *Brewster vs. Arnold*, 1 *Wis. R.* 264, there was proof of notices of protest, made by the deposition of the notary public, and these notices informed the endorser that these notes had been "protested for non-payment."

The only question before us in that case was, whether the notices given were sufficient; and we held that the words "protested for non-payment," were equivalent to the statement of presentment and refusal to pay.

In the present case, the question is, whether in the case of a promissory note, protested in the State of Illinois, the protest itself, duly authenticated under the hand and official seal of the notary, and containing a statement that on the day of the protest, " *due notices*" thereof were put in the post office at Chicago, directed to the maker and endorser, is evidence of notice of dishonor to the latter?

·1*

Dec. Term
1858.

Sumner &
Kimball
vs.
Bowen.

The liability of an endorser is only conditional, and depends on his being notified of the dishonor of the bill or note, and therefore the fact that notice has been given to him, and the sufficiency of such notice, are important enquiries, when it is sought to render him liable. We are not informed in this case whether, by the laws of the State of Illinois, a notary public is authorized to protest promissory notes for non-payment; although, as a matter of fact, it is well known that throughout the country the practice of protesting notes is very common. Still it is by no means essential to render the endorser liable; because the material thing to be done, to affect him, is to inform or notify him that the note has become due, has been presented for payment, and that such payment has been refused. By the general law merchant, in the case of foreign bills of exchange, a protest is necessary, in order to establish the liability of an endorser, and hence it is received as evidence of presentment and dishonor; yet this effect is not given to it in the case of promissory notes, because in such case a protest is unnecessary; but even in the case of a note. when the formalities of protesting have been resorted to, and a notice thereof is given, containing all the requisites which the law prescribes, we hold that the language which may be used in one case to signify dishonor, will be equally efficacious in the other.

It is necessary, however, to *prove* what the notice given was, so that the court, and in some cases the jury, may be enabled to judge of its sufficiency. Now, in the present case, the only evidence of notice is the statement in the protest, that *due notices* thereof were put in the post office. We are disposed to give the same force to the action of a notary, in pro-

testing notes, as in protesting bills, whenever we can find that his acts are *official*, and authorized by the law of the place, and when they are established, but we think it would be extending the presumption of law too much, to hold that the statement of a notary, that he gave due notice, necessarily implied that the notice was in all respects legal and sufficient. It is enough that our law concedes to the certificate of a notary the character of *prima facie* evidence of the *facts* therein contained, without requiring us to go further, and presume the existence or truth of *facts* therein contained, without requiring us to go further, and presume the existence or truth of *facts* not contained in the certificate. The substance of the notice ought to be proved *aliunde*.

It is said to be indispensable that a notice should either expressly, or by just implication, contain a description of the note, an assertion of its presentment and dishonor, and a claim by the person giving notice, or for whom it is given by a notary, or his agent, against the endorser so notified, for reimbursement. *Story on Prom. Notes, sec.* 348. But how are we to know that all these ingredients were embodied in the notice given in this case. Our statute (*Rev. Stat., chap.* 9, *sec.* 60) provides, that the certificate of the notary shall be presumptive evidence of the presentment of a bill or note for payment, of the protest of such bill or note for non-acceptance or non-payment, " *and of the service of notice thereof:*" but it does not in any manner affect or change the general law as to the substance and requirements of such notice. There may have been notice of protest given in some form, but it does not follow that such notice was sufficient to render the endorser liable; and un-

DEC. TERM
1853.

Sumner &
Kimball
vs.
Bowen.
til it is shown either by the testimony of the notary, or in some other way, what this notice contained, it is impossible for the court or jury to say whether the endorser is liable or not.

We think, that under our statute above referred to, the general commercial law as to the effect of a protest or certificate of a notary, in case of a promissory note, when offered in evidence, is changed, and that such protest or certificate, when it recites the facts required to be certified, is evidence of such facts, and would be evidence of nothing more. We hold that the protest or certificate in this case, was not evidence of such notice as would render the endorser liable.

The judgment of the Circuit Court must be affirmed.