ELVIRA F. SMITH, Respondent,

*vs.*

HORATIO HILL and JOSEPH F. HILL, impleaded with DAVID G. POWER, Appellants.

APPEAL FROM MILWAUKEE COUNTY COURT.

A notice of protest sent through the Post Office, is insufficient to charge the indorsers of a promissory note, where the indorsers reside within two miles of the residence of the notary making the protest.

Proof of the contents of the notice, as well as the mere fact of service, is necessary to recover against an indorser.

The object of this action was to recover the amount of a certain promissory note, made by the defendant, Power, on the 24th day of May, 1856, for $600, and payable in sixty days after date, to, and indorsed by, the defendants, Hill.

The complaint alleged the making of the note by the defendant, Power, and the indorsement thereof by the defendants, Hill, as co-partners, to the plaintiff—demand and protest, that due notice of the non-payment was given to the defendants, Hill, and demanded judgment against the defendants for amount and interest. The defendant, Power, made no defense.

The defendants, Hill, by their answer, denied presentment and demand; that note was not paid; that due notice of the non-payment of the said note was given to the defendants, Hill, or either of them, and that they were indebted, &c.

The issue, thus joined, was tried before the court, jury being waived, September 8th, 1857, and decision reserved.

Decision of the court, filed October 9th, 1857, ordering judgment to be entered for amount claimed and interest. To which decision, and finding of the court, the defendants, Hill, by their attorney, excepted in writing, within ten days after notice of the judgment.

The plaintiff, to maintain and prove the issue on her part, offered, and read in evidence, the note in suit.

*H. A. Meyer*, a witness produced, sworn and examined on behalf of the plaintiff, testified as follows : I resided in this city in the year 1856; saw the note in suit, July 26, 1856; it was put in my possession by the People's Bank; I am Teller of the People's Bank, and am a Notary Public; I presented the note on that day at the office of the defendant, D. G. Power, for payment, and I then made demand for payment, it was not paid; I did not see Power, I saw a man who stays in the office; I then protested the note for non-payment, and made out notice and delivered it; it was directed to H. & J. F. Hill; I delivered it at their office, in a warehouse, at Walker's Point, this side of the bridge; defendants, Hill, were not there at the time I served notice; I left the notice with a man sitting near the door in the office; I did not know him; I supposed he had charge of the office; I do not know that he had charge of the office; there was a sign over the door of "H. & J. F. Hill."

Defendants' counsel here admitted service of a notice to produce the notice of protest served.

Question—What were the contents of this notice served by you? Objected to by defendants' counsel, and objection sustained. Witness continued—I keep a record of protests as a Notary. I left the notice in a warehouse this side of Walker's Point Bridge, about 5 o'clock P. M.; I saw a man there; did not know him; did not ask him his name; did not ask him if it was the office of the defendants, Hill; I did not speak to him, nor he to me; Power's office was near Ludington's block; I presented note to an old gentleman and asked him for payment; he said Power was out; my office was some four or five blocks from where I served notice, within half a mile; I remember protesting note on 26th of July, only from the date of the protest; I boarded, at that time, at Hotel Wettstein, near Market Square.

*David G. Power*, a witness produced, sworn and examined on behalf of plaintiff, testified as follows : At the time the note, in suit, became due, I was absent from the city. The defend-

ants resided within a mile of the People's Bank and of the Hotel Wettstein.

Plaintiff's counsel here produced a record of protests, which was admitted to be the record of protests kept by the witness, Meyer, and the record of protest of the note in suit was offered and read in evidence by plaintiff's counsel, which is as follows, to wit:

STATE OF WISCONSIN, }
  *Milwaukee County,* } ss.

On the twenty-sixth day of July, in the year of our Lord one thousand eight hundred and fifty-six, I, H. A. Meyer, Jr., Notary Public, duly admitted and sworn, dwelling in the City and County of Milwaukee, and State aforesaid, did present the note, which is hereunto annexed, at the offce of D. G. Power, in Milwaukee, and demanded payment thereof, which was refused. Whereupon, I, the said Notary, did protest, and by these presents, do publicly and solemnly protest, as well against the drawer and indorser of the said note, as against all others whom it doth concern, for exchange, re-exchange, and all costs, charges, damages and interest already incurred, and to be hereafter incurred, for want of payment of said note. And I, the said Notary, do hereby certify, that on the same day and year above written, due notice of the foregoing protests were put in the office, at Milwaukee, as follows:

Notice for D. G. Power.
  "      "  H. & J. F. Hill.
  "      "  Winfield Smith.

Each of the above named places, being place of residence of the persons to whom the notice was directed.

In witness whereof, I have hereunto set my hand and affixed my seal Notarial, the day and year above written.
  (Signed)          H. S. MEYER, Notary Public.

STATE OF WISCONSIN, }
  *Milwaukee County,* } ss.

Milwaukee, July 26, 1856.

Sir:—A note for $600, dated Milwaukee, May 24, payable

sixty days from date, signed by D. G. Power, endorsed by H. & J. F. Hill, being this day due and unpaid, and by me protested for non-payment, I hereby notify you that the holders look to you for payment, damages, interest and cost, it having been duly presented, and payment thereof demanded, which was refused.

Done at the request of the People's Bank.

H. A. MEYER, Jr., Notary Public.

To D. G. Power, H. & J. F. Hill, Winfield Smith.

The plaintiff here rested.

The defendant's counsel thereupon moved for a non-suit, as to the defendants Hill, upon the ground, that the evidence was insufficient to sustain the action as to the defendants, Hill.

*Levi Hubbell* for the appellants, cited Rev. Stat. 91, § 61; *Sumner and Kimball vs. Bowen*, 2 Wis., 530–1; *Brewster vs. Arnold*, 1 Wis., 263, 285.

*Smith and Salomon* for respondent, cited *Sheldon vs. Benham*, 4 Hill, 129, 131.

*By the Court*, SMITH, J. We do not see how the plaintiff can recover on the case made. The defendants were endorsers, and were entitled to notice of dishonor of the note. Such notice was attempted to be proved by the notary. But if we take the evidence of the notice sent through the post-office, that will be found insufficient to sustain the plaintiff's action, because a notice through the post-office when the parties resided in town within two miles was not legal. If we recur to the notice served by the notary at the ware-house of the defendant, we are left wholly in the dark as to the character or contents of the notice left there. It might have been a transcript of the one sent through the post-office, but there is

no proof of that fact, and we are not at liberty to presnme it. It was incumbent on the plaintiff to show a proper notice properly served. *Brewster vs. Arnold*, 1 Wis., 273, 285 ; *Sumner and Kimball vs. Bowen*, 2 Wis., 530. It is unnecessary to go further at this stage of the case. Judgment reversed and case remanded.