## DUCKERT et al. *vs.* VON LILEINTHAL.

APPEAL FROM CIRCUIT COURT, MARQUETTE COUNTY.

Heard January 10, 1860.]　　　　　　　　　　　[Decided May 4, 1860.

### *Indorser—Protest—Evidence.*

The certificate of a notary public, that he has protested a note or bill of exchange for non-payment, is not evidence of the contents of the notice served upon the indorser.

A certificate of a notary, which states that he presented a note for payment at Montello, and demanded payment, which was refused, but did not state to whom or at what place in the town it was presented, does not show such a presentation to the maker, as will bind the indorser.

The cases of *Kimball vs. Bowen*, 2 Wis., 524, and *Smith vs. Hill*, 6 id., 154, considered and approved.

This was an action against the defendant, Herman Von Lileinthal, as indorser of a promissory, dated at "Montello, Dec. 6, 1856," made by one John Donivon to William H. Catlin, for $200, and due in 30 months, and transferred to the defendant, and by him indorsed to the order of John Maxwell, who transferred the same to the plaintiffs, Duckert and Brockhaus. The complaint is in the usual form. The answer denied any consideration for the indorsement, and

averred that the note had not been duly presented for payment, or notice given. On the plaintiff's reading, the note and indorsement of the defendant, also the certificate of the notary, dated June 9th, 1859, which showed that he presented the note " at Montello, and demanded payment thereof, which was refused;" also, that " on the same day and year above written, due notice of the foregoing protest was given, as follows: " Notice directed to John Maxwell; notice directed to Duckert and Brockhaus; notice inclosed and directed to H. V. Lileinthal, Wis., (delivered by James Harris.)" The balance of the certificate was in the usual form, without stating to whom or where the note was presented, or what was the form of the notice given. The defendant, called by the plaintiffs, testified:

" I came down to see Kelsey, after I received notice of protest, to see if I was liable on it. Mr. Harris' boy gave me notice late at night. Don't remember date of the letter that contained notice of protest."

And another witness testified:

" Defendant said the night of the day the note was protested, he received notice of protest, and came down to see Kelsey, and see if he was liable."

The plaintiffs here rested their case, when the defendant's counsel moved the court to non-suit the plaintiffs, on the ground that the plaintiffs had failed to make out a cause of action in this: that there was no evidence of the contents of the notice received by the defendant. That in order to establish his liability, it is necessary that the notice contain a description of the note, an assertion of its presentment and dishonor, and a claim of indemnity against the indorser.

The court refused to grant the non-suit, to which refusal the counsel for the defendant excepted; and the plaintiffs had judgment for $238 98, besides costs.

From that judgment the defendant appealed.

*A. B. Hamilton, Smith and Ordway,* for the appellant.

*By the Court,* PAINE, J. The judgment in this case must be reversed, for the reason that there was no proof of proper notice served upon the defendant as indorser. This court has decided, in *Kimball vs. Bowen,* 2 Wis., 524, that the certificate of the notary is no evidence of contents of the

notice; and that decision was followed in *Smith vs. Hill*, 6 Wis., 154. The statement of the defendant, that he received a notice, and came down to see if he was liable, throws no light upon this point. It shows no more than the receipt of the notice, which was already shown by the certificate. For this reason, the court should have granted the motion for a non-suit.

We think, also, that the certificate does not show any proper presentment of the note for payment. The notary states that he " presented it at Montello, and demanded payment, which was refused." But it does not state *to whom* or at what place it was presented. For aught that appears, it may have been presented to a stranger. The certificate should show presentment to the maker, or its legal equivalent, and this should not be left to intendment or presumption. See forms in Story on Bills of Exchange, 324, note; also, *Onondaga County Bank vs. Bates*, 3 Hill, 53.

The judgment is reversed, with costs, and cause remanded for a new trial.