D. W. HARDIN, Administrator, *v.* SARAH A. PELAN.

1. MARRIED WOMEN: CONTRACTS OF.—As a general rule, a married woman can make no contract, and her promises are *primâ facie* void.

2. PLEADING: PLEA OF COVERTURE.—It is not necessary that a plea of coverture should negative all the facts and circumstances, the existence of which would render a contract binding upon a married woman; such facts and circumstances should be alleged in the declaration, or presented by replication.

3. PLEADING: WRITTEN INSTRUMENTS.—A written instrument should be set out in the pleadings by proper averments; the insertion of a copy is not pleading.

4. PLEADING AND PRACTICE: ACTION OF COURT UPON OVERRULING DEMURRER TO PLEA.—When a demurrer to a plea is overruled, it is not the duty of the court to require the plaintiff to reply to the plea, nor even to offer him leave to do so; if he desires to reply, he should ask permission of the court.

ERROR to the Circuit Court of Chickasaw county. Hon. W. H. Kilpatrick, judge.

*T. N. Martin, Houston & Reynolds,* for plaintiff in error, cited *Robertson* v. *Ward,* 12 S. & M. 490 ; *Swett* v. *Pernice,* 24 Miss. R. 416.

*Tucker* and *Green,* for defendant in error, cited *Robertson* v. *Ward,* 12 S. & M. 490.; *Robertson* v. *Bruner,* 24 Miss. R. 242 ; *Berry* v. *Bland,* 7 S. & M. 77 ; *Davis* v. *Foy,* 7 S. & M. 64 ; *Frost* v. *Doyle,* 7 ib. 68.

ELLETT, J., delivered the opinion of the court.

The declaration in this case contained three counts. The two first are upon promissory notes which are copied into the counts, instead of being set forth by proper averment. The note contained in the first count is as follows :

" For value received, we promise to pay Thomas L. Irby the sum of three hundred and eighty-six dollars, it being the balance due him on final division of the negro property after the death of Elizabeth Irby, of which this is a final settlement. Interest, eight per cent.

" January 20, 1863.

J. PELAN,<br>S. A. PELAN."

The count contains no averment except that the defendant, with J. Pelan, who is not sued in this action, executed the said note.

The second count sets out, in the same form, a note made by J. Pelan and defendant, of same date, for two hundred and fifty dollars, payable twelve months after date to Thomas L. Irby, the plaintiff's intestate. This note is silent as to the consideration.

The third count is for money paid.

The defendant pleaded as a general issue, *nil debet,* to which

the plaintiff made no objection, but joined issue upon it. There were also four special pleas, to three of which the plaintiff demurred, and the demurrer was sustained. The other plea was payment, on which issue was joined.

On the sustaining of the demurrer, the court gave the defendant leave to amend, and thereupon she filed a plea of coverture, alleging that at the time of making the promises sued on she was the wife of J. Pelan, who joined her in the execution of said notes, etc., and who died before the commencement of this suit.

To this last plea the plaintiff demurred, assigning two causes. *First.* That it was not averred in the plea that the notes were not given for supplies for the plantation of the wife, nor for the maintenance, care, clothing, or support of her slaves; nor for the employment of an agent or overseer for their management; and, *second,* that the note was given by husband and wife jointly for the balance due by the wife on a final division of negro property, owned jointly by defendant and plaintiff's intestate, on a final settlement of their said joint interest in said slaves.

This demurrer was overruled, and the cause coming on for trial before a jury on the issues joined, a verdict was found for the defendant, on which judgment was given.

The plaintiff below prosecutes this writ of error; and assigns for errors:

1. That the court below overruled the demurrer to the plea of coverture; and

2. That the judgment of the court on overruling the demurrer ought to have been that plaintiff have leave to reply to said plea.

We think there was no error committed by the court below in either of these particulars.

The plea of coverture was properly pleaded. A married woman generally can make no valid contract, and her promises are *primâ facie* void. If the plaintiff would rely on any of the special considerations that authorize a married woman, by our laws, to make a binding contract in reference to the sup-

port and management of her separate property, he must either set out the facts in his declaration, or in a special replication to the plea of coverture. It is not necessary for the defendant to negative, in the plea, all the facts and circumstances the existence of which might render her contract binding upon her. The rules in regard to the plea of infancy, and the proper replications thereto, are fully settled in accordance with these views, and are precisely analogous. to cases of coverture under our statutes.

If the facts relied on are properly charged in the declaration, so as to present a case within the statute, the plea of coverture would not be a good plea, but the defendant would be obliged to take issue on some other point. And it is insisted that such is the case here, and that the first count, at least, shows a good cause of action against the defendant notwithstanding her coverture. But this is a mistake. The count contains no averment whatever in relation to the consideration of the note. It is true the note is copied into the count, but that is not pleading, and cannot supply the want of proper averments. If it could do so, or if the consideration of the note was alleged in the plea in the terms of the note itself, it would not help the case of the plaintiff, for the recital contained in the note, "being the balance due him on final division of the negro property, after the death of Elizabeth Irby, of which this is a final settlement," does not show that Mrs. Pelan, the defendant, had any interest whatever in the negroes that were the subject of the division. For all that appears, they may have been the property of her husband, or of any third person. Nor does it show that she had any plantation, or other separate estate.

The demurrer to the plea of coverture was therefore properly overruled. If the plaintiff had thereupon asked leave to reply, on a proper showing, and if the court had refused him permission to do so, and that point had been brought up on a proper bill of exceptions, we would have inquired into it. But it was certainly not the duty of the court to require the plaintiff to reply to the plea, nor even to offer him leave to do so. If

the plaintiff desired to reply, he ought to have asked permission, and having failed to do that, he cannot complain.

The judgment will be affirmed.