WM. H. DUNBAR et ux. *v.* MEYER, DEUTCH & Co.

1. MARRIED WOMEN—SEPARATE PROPERTY.—The subject of contracts referred in Revised Code, page 336, articles 24 and 25, have reference to married women who have separate property; and for the liabilities enumerated in the latter article, satisfaction may be had out of the wife's separate property.

2. HUSBAND'S LIABILITY.—If the wife have separate property, the husband is not liable for debts contracted by her ; but if she have none, his responsibilities for her are as at common law.

3. WIFE'S POWER TO CONTRACT—STATUS AT COMMON LAW.—The acts of 1839 and amendments of 1846 and 1857 are enabling statutes, conferring power on the *feme covert* to make the engagements therein enumerated. As to any contracts not authorized by statute, she remains under the common law disability. As a condition to her ability to contract within the purview of the statute, she must be the owner of separate estate.

4. PLEADINGS—AVERMENTS.—The plaintiff must set out in his pleadings the special circumstances that authorize a married woman by our laws to make a binding contract. It must appear of record, in some form or other, that all the necessary facts are present to make the promise binding on the wife.

5. HUSBAND'S LIABILITY.—The liability of the husband for necessaries for his wife grows out of the marital relations, and is a consequence of the obligations assumed by him on marriage, that he will supply the wife with all necessaries convenient and suitable to their station in life. Nor will the infancy of the husband exempt him from these obligations. If the husband neglects to provide these necessaries, the wife may purchase, and the husband, though she dissent, shall be liable therefor.

6. IMPLIED POWER OF THE WIFE.—Although the wife possesses no original inherent power to bind her husband, yet from the facts of cohabitation, and the goods being consumed in his family, the assent of the husband will be presumed; and if he omits to furnish the proper necessaries, he impliedly makes his wife his agent to procure them.

7. VERDICT—JUDGMENT.—The issue was on the joint plea of husband and wife, and the verdict was that both were indebted. It was error to render judgment on this finding against the wife and her sureties in the replevin bond, and that the husband was not liable therefor.

Error to the circuit court of Adams county.   SMILEY, J.

The plaintiff in error assigned the following errors :

1st. The verdict of the jury was excessive.

2d. The verdict of the jury was contrary to the instructions of the court.

3d. The verdict of the jury was against the law and the evidence.

4th. The court erred in overruling the motion for a new trial.

5th. The judgment was erroneous in this, that it is against the defendant, Sarah M. Dunbar, a married woman, and is general and without limitation; that the execution should be levied of her separate property acquired by her under the statute of the state, under which the contract is, by the plaintiff's below, claimed to have been made.

*Wm. F. Mellen*, for the plaintiff in error.

We will consider the first three assignments of error together :

The verdict was for $427 27.   The whole amount claimed was $316 70, with 6 per cent. interest from the 12th of August, 1862.

Mrs. Dunbar, being a married woman, was not bound, nor could her separate property be made liable at law, for any part of the account sued on.   2d. That if liable for such debts, the evidence in the case was not sufficient to warrant a verdict

against her; and 3d, That in any event, the verdict was excessive.

Several facts must concur to fix the liability of a *feme covert.* 1st. She must voluntarily make the contract. 2d. She must intend at the time to bind herself and her separate property. 3d. The party contracted with, must agree to the contract, and consent to look to her for payment, etc.

The proof shows that, of the whole amount of the account, Mrs. Dunbar purchased only to the amount of $181 90. The balance of the account was gotten by W. H. Dunbar, the husband, by the daughter, and by Mrs. Jenkins, without any authority appearing from Mrs. Dunbar.

The jury were instructed by the court below to strike out of the account all of the items shown by the evidence to have been purchased by the husband and daughters. It is apparent from the facts proved, that the jury disregarded the instructions given. But it is manifest from all the evidence, and the state of the pleadings, that no verdict against Mrs. Dunbar could have been regularly formed by the jury. But even if some of the articles were bought by Mrs. Dunbar, yet if she did not intend to get them on her own credit, and to make herself liable therefor, her separate property cannot be subjected to the payment of the debt, and hence the verdict and judgment cannot be sustained in this court. Block v· Cross and wife, 36 Miss., 258; Dickinson v. Miller and wife' 11 S. & M., 594. There is no evidence to show that, at that time, Mrs. Dunbar owned any separate property. What we have said on the 1st, 2d, and 3d assignments necessarily disposes of the 4th.

We insist that property acquired by a married woman under the statute of 1839, cannot be effected by a renewal judgment against her at law. Davis et ux. v. Fay, 7 S. & M., 64; Berry v. Bland, 7 S. & M., 75; Frost v. Dagle, 7 S. & M., 78; Doty v. Mitchell, 9 S. & M., 436; Harvey v. Edington., et ux., 25 Miss., 22; Steadman v. Holeman, 33 Miss., 550–557; Clancy on Hus. and Wife, 23–467, *c.*, 604; 32 Miss., 274; 24 Miss., 416. For the construction of the acts of 1839,

1846, and 1857, relative to the separate property of the wife, see 27 Miss., 335; Knott v. Lynn, 26 Miss., 548; ib., 352; 2 S. & M., 347; Lovitt v. Pennie, 24 Miss., 416; 7 S. & M., 77; 9 S. & M., 435; 14 S. & M., 68; 29 Miss., 112–270; 10 S. & M., 566. See also, Dickinson v. Miller et ux., 11 S. & M., 594; Doty v. Elam, 4 Yerger Tenn. R; Montgomery v. Agricultural Bank, 10 S. & M., 566; Andrews v. Jones et ux., 32 Miss., 274; 24 Miss., 416.

We are aware that this court has decided that a married woman might be sued at law jointly with her husband, under the statute of 1846; Robertson v. Ward et ux., 12 S. & M., 490; Selph et al. v. Howland, 23 Miss., 264; Mitchell v. Doty, ib., 536; but we insist that the intention of the court, in those cases, was only to bind the property acquired under the law, under which the contract was made.

When all the evidence in a cause is set out in the record, it is the duty of this court to decide on its merits as presented, notwithstanding counsel below may have neglected to take advantage of defects in the pleadings. Robertson et ux., v. Bruner et al., 24 Miss., 242; Reeves v. Dennis, 6 S. & M., 89.

*Geo. L. Potter*, for the defendants in error.

The account sued on was proved by a clerk of the plaintiffs, and he is, positive as to its correctness. It is true, that on cross-examination he could not say what particular person called for each article, and the sufficient reason of lapse of time is given for this inability. But this does not affect his knowledge of the correctness of the account, for he was clerk for plaintiff, during the time covered by the account. Being thus familiar with it, from day to day, as the account was made, he knows it to be a just and correct account; although he cannot now, name in every instance, the particular member of the family who called for each article. In addition to this, we have the books of plaintiffs introduced and made evidence by the defendants. But it is objected that these items of account were first put down in an account against the husband, in the book used as a day book,

and were then carried to account against Mrs. Dunbar. This was done, both in 1861 and 1862. The original entries each year, being against the husband, and the aggregate each year, being charged to the wife. Counsel intimates a fraudulent purpose; but this is disproved by the fact that the account was thus kept, from year to year. It seems a novel mode of keeping accounts, by which, from year to year, there are original entries against the husband, but no final charges against him, and during the same time, there were final charges against the wife, but no original entries; but upon the proof, it seems clear that the credit was actually given to the wife.

The items of account show purchases of family articles, and the proof abundantly shows the articles were procured by members of the family. In such a case, the broad terms of the statute are, that " all contracts made by the wife or by the husband with her consent, for family supplies or necessaries, wearing apparel of herself and children, etc., shall be binding on her, and satisfaction may be had out of her separate estate." Code, p. 336, § 25. Most of the articles were purchased directly by Mrs. Dunbar, and many of them were called for by her daughters in her presence, and all charged. One small article was called for by a stranger, but a member of the family. Some few articles were called for by Dunbar, but it is manifest from the character of the items, that they were not for his own use, but for his wife, and daughters. But, if for his own use, they were manifestly " family supplies or necessaries," for which the wife is liable. The husband is of the " family." There can be no reasonable doubt that all these purchases were made " with her consent," and if so, she is liable.

The terms of this section are general, and the clause cited extends to all married women. It enlarges the power of the wife, as they existed under previous laws. If there is no separate estate, the recovery may be fruitless, for her estate only is liable; but her capacity to contract, under the clause cited is not made to depend on the existence of a separate estate.

In this case, the fact of a separate estate was admitted of record in this suit by the wife, for she claimed and replevied the cotton levied on. In regard to the plea of excessive verdict, we need but say, it is a mistake. The certificate of Mr. Reed is made under like misapprehension, and shows no " excess " that this court could regard, even if the verdict was excessive. The entry of judgment is properly against the " separate property of the wife, for the statute makes it liable, and a general judgment against her, in such a case, is in legal effect, only against her estate.

SIMRALL, J.:

Suit was begun in the circuit court of Adams county, by Meyer, Deutch & Co., against William H. Dunbar and Sarah, his wife, to recover on an account for merchandise sold and delivered. The declaration in each of several counts charges the indebtedness, in substance, " for divers goods, wares and merchandise sold to Sarah, the wife ; for necessary apparel and necessaries for herself and children, and at her instance and request." The case was submitted to the jury on the plea of *non assumpsit* by Dunbar and wife ; verdict for the plaintiffs.

The errors complained of by the plaintiffs in this court bring into question the sufficiency of the declaration, the decision of the circuit court in overruling the motion for a new trial. The verdict is said, 1st. To be excessive ; 2d. Contrary to the instructions of the court ; 3d. Against the law and evidence. The judgment is against Sarah M. Dunbar, and her sureties in the replevin bond. The instructions granted at the request of the plaintiffs in error, referred to the jury, very fully, the points arising on the testimony as to what was necessary, in order to prove the correctness of the account, and also to whom the credit was given. There is nothing in the record to justify a disturbance of the verdict (if, indeed, a good cause of action is stated), for the testimony does reasonably well establish the substantive averments of the declaration.

The provisions of the statute conferring authority and fixing limitations on the powers of *femes covert* to contract, will be found in the fifth section, under the title "Of the separate property of married women," Rev. Code, 335, 336. All the subjects of contract embraced in articles 24 and 25 have reference to married women *who have separate property*, whether in the form of money, securities, lands, etc. Hence, for liabilities enumerated in the 25th article, "satisfaction may be had out of her (wife's) separate property; nor shall the husband be liable for debts contracted by her (wife) after marriage, if she hold separate property under the act." Art. 25. If the wife have "separate property," the husband is not liable for debts contracted by her. But if she have none, his responsibilities for her are as at common law, except as to her ante-nuptial debts. This subject was carefully considered in the case of Whitworth & Troup v. Davis G. Carter, adm'r, etc., (*supra* page 61) on a review of the adjudged cases. And it was deduced from the decisions, that the act of 1839, and the subsequent amendments of 1846 and 1857, were enabling statutes, conferring power on the *feme covert* to make the engagements therein enumerated. But for all contracts outside of the statutes she was under the common law disability. It is stated as a condition to her ability to contract within the purview of the statutes, that "she must be the owner of separate estate." It is not averred in the pleadings, nor was it brought out in the evidence, that Mrs. Dunbar was the "owner of separate property."

It was held in Hardin v. Pelan, 41 Miss. Rep., 114, that the plaintiff must set out in his pleadings the special considerations that authorize a married woman by our laws to make a binding contract. In that case the suit was on a promissory note, made by the husband and wife. The wife pleaded her coverture, to which there was a demurrer. The plea was sustained because the declaration did not show the special considerations, under the statute, that upheld the contract. The court say, however, that the plea might have been obviated by replying the special state of facts that would have

brought the case within the statute.   In some form or other, it must appear of record that all the necessary facts are present to make the promise binding on the wife.

In this case it is neither averred in pleading nor proved that Mrs. Dunbar had a separate estate.   In the absence of such averment and proof, an essential fact is wanting to support the judgment.   Nor must the plaintiff necessarily have proved it in order to obtain a verdict.   It was not by implication included in the issue.   This was fully met by evidence that Sarah M. was the wife of W. H. Dunbar, and that the merchandise was bought by her, and was necessary to herself and children.   In this condition of facts the liability was evidently on the husband.   It is a principle of law growing out of the marital relation, as a consequence of the obligations assumed by the husband upon marriage, that he shall supply the wife with all necessaries convenient and suitable to their station in life.   Chancellor v. Benjamin, 41 Barbour Rep., 558.   The infancy of the husband is no discharge from these obligations, nor an answer to a claim for their fulfillment. Contine v. Philips, 5 Harrington (Del.) Rep., 428; Cole v. Seely, 25 Vt., Rep., 230.   If the husband neglect to provide these necessaries, the wife may make the purchases; and though he may dissent, he shall nevertheless be liable therefor.   Etherton v. Parrott, 1 Salk., 118 .The wife possesses no original inherent power to bind the husband, yet from the circumstance of cohabitation, and the goods being consumed in his family, the assent of the husband will be presumed.   Ogden v. Prentice, 33 Barbour Rep., 164.   Justice Story, in his treaty on Contracts, § 98, states, that if the husband omits to furnish the proper necessaries he impliedly makes his wife his agent to procure them for herself.   According to many of the cases, cohabitation alone will supply the inference of this authority.

The issue tried was on the joint plea of the husband and wife.   The jury found that the defendants, both of them, were indebted, as alleged. The judgment was that a recovery be had of Sarah M. Dunbar, and her sureties in the replevin

bond, and that William H. Dunbar be not liable therefor.

We are of opinion that, upon the facts in the evidence, adduced on the trial, there may have been a liability on William H. Dunbar, the husband, to pay for these goods; but neither the pleadings nor the proof justified a judgment against Mrs. Dunbar.   As we have seen, when the wife's liability is fixed, " satisfaction may be had out of her separate estate."

It seems to have been taken for granted, by the counsel in the circuit court, that Mrs. Dunbar was the owner of separate property; or, perhaps counsel may have supposed the fact to be immaterial.   On the return of the cause to the circuit court, leave should be granted the plaintiffs to amend their declaration in that behalf, if the truth be so, and application be made so to do.

Judgment reversed, and cause remanded for further proceedings, in accordance with this opinion.