# A. V. WITKOWSKI *v.* MAXWELL & PEALE.

1. HUSBAND AND WIFE. *Law of Louisiana. Disability. Consideration.*

   Notwithstanding the disability of a wife to contract with her husband under the laws of Louisiana, where husband and wife are sued in this state on a bill of exchange drawn by the wife and payable to and indorsed by the husband in Louisiana, both being then residents of that state, plaintiff may recover on proof that the bill was given for a subsisting debt binding on the wife.

2. SAME. *Consideration. Form of contract, when immaterial.*

   Being bound for the original consideration, the wife is liable in such case, and it is immaterial that the *form* of the last transaction was that of a promise on her part to pay the sum named in the bill of exchange to her husband, and that such a contract she was disqualified from making by the laws of her domicile.

3. EVIDENCE. *Admission. Immaterial error.*

   A judgment against the drawer and indorser of a bill of exchange will not be reversed because of the admission of incompetent evidence as to notice of non-payment by the acceptor, if by competent evidence notice is otherwise abundantly shown.

4. BILL OF EXCHANGE. *Dishonor. Sufficiency of notice.*

   No particular form of notice of protest of a bill of exchange is required. Though irregular, it is sufficient if it indicates clearly to the drawer the presentment and dishonor, and puts him upon notice that he is looked to for payment. *Chewning* v. *Gatewood*, 5 How., 552; *Rowan* v. *Odenheimer*, 5 S. & M., 44.

5. SAME. *Acceptor not found. Presentment. Notice.*

   Where it appears that the acceptor was not found, and that the bill was presented in due time at his place of business, the notice is not fatally defective in failing to show upon whom the demand for payment was made; this may be shown by other evidence.

6. SAME. *Notarial certificate. Demand for payment. Evidence.*

   In a suit against the drawer and indorser of a dishonored bill of exchange, the notarial certificate of protest in due form, when introduced, is evidence of presentment at the usual place of business of the acceptor. Then it is sufficient if it is shown by other evidence that demand of payment was made of any one having apparent authority to represent him,

he being absent; and in such case a verdict for plaintiff will not be disturbed merely because the notary, while testifying to presentment in due time, cannot state upon whom he made the demand.

From the circuit court of Washington county.
Hon. R. W. Williamson, Judge.

Judgment for plaintiffs on a bill of exchange. Defendant appeals. The opinion states the case.

*Campbell & Starling*, for appellant.

1. Plaintiffs' replication alleged a different contract from that set forth in the declaration, and is a departure from it. The declaration claimed title to the bill of exchange by purchase from the payee, and not as evidence of a debt due them originally from appellant.

The replication did not avoid the plea of coverture. While a married woman, under the laws of Louisiana at the time of this transaction, may have made contracts as a merchant, she could not contract *with her husband,* or incur liability to him. La. Civ. Code 1870, arts. 1780, 1790. The latter article expressly forbids such contracts as the one in suit between husband and wife.

The bill of exchange being void in the hands of her husband, the payee, he could not transfer to plaintiffs any right thereto. *Doll* v. *Theurer*, 6 Rob. (La.), 276.

2. By the common law or the law-merchant it is not a part of the notary's duty to give notice of the dishonor of a bill of exchange, and his certificate as to this is not evidence; it must be proved *aliunde.* Tiedeman, Com. Paper, § 327; 96 Am. Dec., 602 *et seq.*, and authorities there collected.

The law of Colorado making it the duty of the notary to give notice, is not applicable. The test of the competency of the evidence is the law of the *forum.* The rule of the common law prevails here, except as modified by statute. The protest of an inland bill is not evidence of its dishonor in a foreign state. See notes to *Tate* v. *Sullivan*, 96 Am. Dec., 607 *et seq.* But the laws of Colorado do not make the

notary's certificate of notice evidence of the fact. It requires him to keep a record of such notices, with a description of the instrument, and makes that *record* evidence; and it is competent only in the state of Colorado. Laws Col., 1877, 660.

It is true the notary testified that he "duly made notices;" but that is a conclusion, and not a statement of facts. In view of his indefiniteness and confused recollection, it cannot be determined how far his certificate as to notice, which was improperly admitted in evidence, influenced the verdict. Without the certificate, the jury might have decided that the defendant did not have due notice.

3. As the certificate of protest was insufficient on its face, the defendant's fifth instruction should have been given. By it the court was asked to tell the jury that if it believed appellant received notice only of the facts set forth in that certificate, the notice was not sufficent. Tiedeman, Com. Paper, § 346.

4. When presentment is made at the acceptor's place of business and he is absent, the protest must state to whom presentment was made, and this must be at the usual place of business. Tiedeman, Com. Paper, § 313; 43 Am. Dec., 221 *et seq.*

Presentment "at the acceptor's store," without stating it to be his usual place of business, and without stating *to whom* it was made, is not sufficient to bind the drawer or indorser. Here the testimony of the notary was confused and contradictory, and it is not shown to whom presentment was made.

5. The verdict was manifestly wrong, and a new trial should have been granted. The jury evidently went off on the erroneous idea that the drawer of a bill ought to pay it in any event, regardless of demand and notice of non-payment.

*Yerger & Percy*, for appellee.

1. The certificate of protest of a foreign bill of exchange is evidence of demand upon the drawee. *Bernard v. Bank*, 4

How. (Miss.), 98; 2 S. & M., 38. But it is not the only evidence. 7 *Ib.*, 609; 3 *Ib.*, 359.

It is true the notary's certificate was not admissible as evidence to show mailing of notices. But the error was immaterial, as the notary's deposition fully established the fact of mailing the notices.

2. It was not necessary that the notice should show to whom the presentation was made. Appellant was informed that presentment had been made at the acceptor's place of business, and that the bill had been dishonored. This was sufficient to put her on inquiry. *Chewning* v. *Gatewood*, 5 How. (Miss.), 552; 5 S. & M., 44.

3. The verdict was not contrary to the evidence. There was no conflict in plaintiffs' evidence as to demand for payment. There was only an accidental misstatement by the notary as to the *place* of presentment. It is immaterial that the notary could not testify positively upon whom the demand was made. The jury passed upon the question of fact, and plaintiffs' testimony is amply sufficient to sustain the verdict. 5 S. & M., 444; 6 *Ib.*, 464.

4. The facts set up in the replication were a complete answer to the plea of coverture. Appellant was a separate trader, and was liable for the original debt. La. Civ. Code 1875, § 131.

The authorization of the husband to the commercial drafts of the wife is presumed by law if he permits her to trade in her own name. *Ib.*, § 1786.

It is immaterial that the form of the bill of exchange was such as showed a contract between husband and wife. This form was adopted merely in order to secure the liability of the husband by his indorsement. In such cases the courts will inquire into the real contract, and the form will be disregarded. 4 Rob. (La.), 508; 6 La. An., 455; 5 *Ib.*, 586; 2 N. S., 39; 4 *Ib.*, 388; 5 *Ib.*, 431; 7 *Ib.*, 252.

*Petitpain* v. *Palmer*, 1 Rob. (La.), 220, was a similar case to this, and is an authority in support of our position. Our

own reports abound with cases where parties are permitted to go beyond the form and show the real consideration of the contract.   45 Miss., 129; 57 *Ib.*, 689; 58 *Ib.*, 420; 59 *Ib.*, 45.

This case is the converse of *Dancey* v. *Sugg*, 46 Miss., 606. It may always be shown that while by the form in which one is bound he is a principal, he is in truth but a surety.   *Meggett* v. *Baum*, 57 Miss., 22.

There was no contract on the part of the wife to pay money to her husband, and there is nothing in the form of the transaction which prevents us from showing that he was a mere surety.

*Frank Johnston*, on the same side.

1. Notwithstanding the wife's liability for the original debt, it is contended that by the draft she incurred an obligation in favor of her husband. This is not true. By making him payee and having him indorse the draft, he became her surety. The true relations of the parties and the consideration of a contract may always be shown. 1 Danl. Neg. Inst., 174, 175; Brandt, Sur. & Guar., § 17; 39 N. Y., 18; *Hunt* v. *Chambliss*, 7 S. & M., 532; *Smith* v. *Clopton*, 48 Miss., 66. This is not contradicting the contract, but is an inquiry that is collateral to it. An indorser may show that he was a surety as against the holder with notice. Brandt, § 153. So the true relations existing between sureties may be shown by parol.   *Ib.*, § 226.

We are dealing simply with a rule of evidence. If the defendant had drawn the bill as surety for her husband, she could have shown that fact by parol, and so appellees may show the converse of this in order to make her liable.

2. The verdict of the jury as to presentment and notice is supported by the evidence. The fact is not denied that the paper was presented at the store of the acceptor, but a controversy is raised in respect to the manner of it, namely, the location of the store. The testimony is positive as to the main fact, that the bill was presented for payment at the

acceptor's place of business, and this is not denied. Conceding that there was a conflict in the testimony, it was settled by the verdict adversely to appellant.

3. Under the statute, the *ex parte* affidavit of. a notary attached to his certificate makes it competent evidence. Code 1880, § 1638. But, assuming it to be incompetent, the facts of presentment and giving notices are fully established by other evidence, and this would render the error immaterial. *Fore* v. *Williams*, 35 Miss., 533.

COOPER, J., delivered the opinion of the court.

On July 16, 1886, the appellant, a married woman, the wife of Simon Witkowski, and a separate trader, was indebted to the appellees, and the indebtedness was evidenced by her promissory note, which was indorsed by her said husband and by L. Witkowski. On that day, in substitution of her said note, she drew a bill of exchange upon L. Witkowski, who resided in Denver, Colorado, directing him to pay to the order of Simon Witkowski, her husband, the sum of $1,563.90 on the first day of December, 1886. Simon Witkowski indorsed said bill and delivered it to the appellees, and it was duly accepted by L. Witkowski. At maturity it was presented for payment, and, being dishonored, was protested, and notice given to the drawer and indorser, against whom the present suit is brought. The sufficiency of the presentment, protest, and notice is contested by the appellant upon grounds to be hereinafter stated.

The declaration is in the usual form, nothing appearing therein to show the consideration of the bill, the coverture of the appellant, or her residence. She pleaded her coverture and residence in the state of Louisiana at the time of drawing the bill, and that Simon Witkowski was then her husband, and that by the laws of that state husband and wife could not contract together. The plaintiff replied, setting up the prior indebtedness of the defendant as above stated, and that the bill sued on was executed in lieu and substitution of the note.

To this replication the defendant demurred, and the same was by the court overruled. This action of the court was brought in review by the first assignment of error. The demurrer was properly overruled.

It is not denied by appellant that she was indebted to appellees in the debt which formed the consideration of the bill sued on. Her sole contention is that the *form* of the transaction is that of a promise on her part to pay the sum of money named in the bill to her husband on the default of the acceptor, and that this contract she was disqualified by the laws of her domicile from making. The case of *Doll* v. *Theurer,* 6 Rob. (La.), 276, relied on by appellant, decides only that where the wife makes a contract with her husband not authorized by law, the husband has no right of action, and cannot convey one to another person.

In *Martin* v. *Drake*, 1 Rob. (La.), 218, and *Petitpain* v. *Palmer, Ib.*, 220, it is clearly intimated that when the real transaction is between the wife and a third person and the real contract is between them, recovery may be had upon the note of the wife made to the husband as a mere conduit, and by him indorsed to the other party to the contract. In the first of these cases, Mrs. Drake had executed her note payable to and indorsed by her husband. The defense was that the note was given for a slave sold to the *defendants*, which, at the time of the sale, was afflicted with an incurable disease known to the seller. The court said: "The record does not show, nor is it pretended, that Mrs. Drake was separated in property from her husband, that the purchase was for her individual account and benefit, or that the husband indorsed the note only as her surety to pay a debt of her own. Under the pleadings, we are bound to presume that the purchase was made and the note given on account of the community; if so, the wife cannot bind herself jointly with her husband for a debt contracted during the marriage, either as a drawer or indorser of a note."

*Petitpain* v. *Palmer* was upon a similar instrument, and the

court held that the wife was not liable.   To the contention
of counsel in argument that the contract was one of surety-
ship entered into by the husband for the wife, under the form
of an accommodation note with his indorsement thereon, the
court replied: " If this be available, it ought to have been
alleged and proved.   The wife's identity is so completely
merged in the husband that she can no more contract with
him than with a stranger; therefore, the drawing or indorse-
ment of a bill or note by a husband to his wife is void, and
she cannot sue upon it, either in his life-time or against his
executor after his death ; but the husband may indorse it to
her in order that she may be the mere conduit and indorse
it over to another party, the whole transaction being re-
garded as the husband's."   1 Danl. on Neg. Inst., § 241;
*Slawson* v. *Loring*, 5 Allen, 340. ` And, though *prima facie*
such note is a nullity, she may be charged on it by evidence
*aliunde* that it was given in her separate business.   *Ib.*,
§ 248; *Bank* v. *Miller*, 63 N. Y., 639; *Hardin* v. *Pelan*, 41
Miss., 112.

The second assignment of error is upon the action of the
court upon admitting in evidence so much of the notarial
certificate of protest as stated that the notary had given
notice of protest to the maker and indorser of the protested
bill.   Without determining whether the admission of this
evidence was or was not erroneous, it is sufficient to say that
no reversible error is shown.

The deposition of the notary was taken, and the fact that
notice was given is so abundantly proved that the mere ad-
mission of other incompetent evidence to establish the same
fact would not cause a reversal.   In truth, no serious contro-
versy seems to have been made in the trial that some notice
was given; the real contention, so far as notice was involved,
was as to the sufficiency of that given.   No effort was made
by the plaintiffs to prove that notice other than that stated
in the notarial certificate was given, which consisted of a copy
of the dishonored bill of exchange and a declaration by the

notary that he had presented the original " at the store of L. Witkowski and demanded payment thereof, which was refused; reason, out of the city; whereupon," etc.

It is contended that the notice should have contained all the facts constituting presentment and demand, and that that given was fatally defective in not showing to whom presentment was made.

It was held in *Routh* v. *Robertson*, 11 S. & M., 382, that when the notice of dishonor was such that the legal effect of what was stated to have been done would release the indorser, the notice was insufficient. In that case the notice stated presentment and protest on the twenty-sixth of March of a bill of exchange not due until the twenty-ninth. The legal effect of this would have been to discharge the indorser, and, since the notice stated in effect that he had been discharged, it was held that it could not be proved that the presentment and protest were in fact on the twenty-ninth. In *Chewning* v. *Gatewood*, 5 How. (Miss.), 552, and *Rowan* v. *Odenheimer*, 5 S. & M., 44, it was held that notice sufficient to indicate clearly that the paper had been presented and dishonored, and that the holder looked to the indorser for its payment, was sufficient. In *Chewning* v. *Gatewood* the court said: " It has uniformly been held that no particular form of notice is necessary; and, though it be irregular, or even vary in some particulars from the true state of the facts, yet if it be sufficient to put the party upon inquiry, it is good." See also 2 Am. & Eng. Enc. L., 410, note 1.

On the trial of the cause the notarial certificate of protest was introduced, and the deposition of the notary was also taken and read in evidence. In fact, the notary was three times examined. On his first examination he stated that on the day of the maturity of the bill he took it to the place of business of the acceptor, which he thought was on Lawrence street, and demanded payment, and, being answered that the acceptor was out of the city, he protested the bill and gave notice to the parties. On his second examination he stated

that at the time of the protest the place of business of the acceptor was the Star Boot & Shoe Store, 1526 Lawrence street, and that presentment was made to Mr. Jules Witkowski, the son of the acceptor.

The depositions of several parties were taken by the defendant going to show that at the time of the protest another person was conducting business at 1526 Lawrence street, and that the acceptor was then in business on Champa street; also that Jules Witkowski was at that time not engaged by his father, but was doing business for himself on Sixteenth street.

The deposition of the notary was then taken a third time, and he explained that his second deposition was hastily prepared by the officer by whom it was taken, from notes furnished by him, and that he supposed his answers as written down only stated, as he intended to state, that his impression was that the place of business of Witkowski was on Lawrence street, and that he thought presentment had been made to Jules Witkowski. In this his final testimony he stated that very many pieces of paper were protested by him, and that it was impossible for him, after so long a time, to speak with absolute certainty as to where and to whom presentment had been made, but that undoubtedly he had at the time presented the paper at the proper place and to the proper person. It affirmatively appears from the evidence of the acceptor himself that at the time of the protest he was in fact out of the city, and to this extent his evidence corroborates the testimony of the notary.

The court instructed the jury for the defendant that it devolved on the plaintiff to prove presentment and demand of payment at the proper place of business of the acceptor, and demand upon him or his representative; and by its verdict the jury has found that such was made.

We cannot say that the verdict is not supported by the evidence. The notarial act was evidence of the fact that presentment had been made in the manner stated—*i. e.*, at the

place of business of the acceptor—and though the officer, as a matter of precaution, should have noted at the time to whom presentment was made, his failure so to do does not invalidate his act, if as matter of fact it was presented to the representative of the acceptor.

In *Rowan* v. *Odenheimer* the indorser lived in the same city with the maker, and personal notice of dishonor was necessary. The notary was examined as a witness, and stated that he had left the notice at the store of the indorser, but could not remember with whom. There was verdict and judgment for the plaintiff, which the court refused to disturb, and which on appeal was affirmed.

The decision in *Duckert* v. *Von Lileinthal*, 11 Wis., 56, cited in the notes to *Dupre* v. *Richard*, 43 Am. Dec., 214, and relied on by counsel for appellant as authority for the proposition that "the protest should show to whom the bill was presented, and if it does not, it will not bind the indorser," was disapproved in *Wallace* v. *Crilley*, 46 Wis., 577, and declared to be dictum to the extent that it announced the rule now contended for.

As we have said, the notarial certificate was evidence of presentment at the usual place of business of the acceptor, and, he being not found, it was sufficient to demand payment of any one having apparent authority to act for him. We cannot say that the verdict of the jury, by which it is settled this was done, is not supported by competent evidence from which this inference flows.

*The judgment is affirmed.*