### W. D. COOK v. MERCHANTS' NATIONAL BANK OF VICKSBURG.

BILL OF EXCHANGE. *Nonpayment. Protest. Certificate. Parol testimony.*
In an action on a bill of exchange, as supplementary to a certificate of protest, showing presentation for payment at the proper place, but failing to indicate to whom presentation was made, parol testimony is admissible to remedy the defect.　*Witkowski* v. *Maxwell*, 69 Miss.. 56.

FROM the circuit court of Warren county.

HON. JOHN D. GILLAND, Judge.

Action by appellee on a domestic bill of exchange drawn December 21, 1891, by the defendant, Cook, on and accepted by the John F. Halpin Co., due at thirty days, indorsed to plaintiff.　At maturity, it was presented to the acceptor, and, payment not being made, it was protested, and notice was given the drawer.　On the trial, the bill, with the verified certificate of protest, was introduced by plaintiff.　Objection was made by defendant, because the certificate was imperfect.　It stated that the bill was, at maturity, presented "at the usual place of business of John F. Halpin & Co.," and, not being paid, was protested, but did not state to whom presentment had been

made.  Thereupon, the notary who made the protest was introduced by plaintiff, and, over the objection of defendant, was permitted to testify that the bill was presented by him to the secretary and manager of the acceptor.  Judgment for plaintiff.  Defendant appeals.

*J. N. Bush*, for appellant.

The law provides definitely what the record of a notary shall contain.  Code 1880, § 431; Code 1892, § 3046.  Here the notary failed to keep the proper record.  The certificate failed to show to whom the paper was presented, and was, therefore, defective.  Only a copy of his record as made was admissible.  Code 1880, § 1636; Code 1892, § 1802.  That the protest was insufficient, see Tied. on Com. Pa., § 1813; 2 Greenl. on Ev., § 175.  Is evidence *aliunde* the certificate admissible to show due protest?  Tied., § 327.  The following decisions are cited by this author as holding that such evidence is competent: 5 Denio (N. Y.), 329; 1 Md., 59, 504; 3 *Ib.*, 251; 4 *Ib.*, 409; 28 *Ib.*, 465; 41 *Ib.*, 615; 49 Me., 419; 11 Gratt. (Va.), 269.  An examination of these cases will show that they are distinguishable from this.  Only in Maine has the real question involved here been examined and discussed, and in that state the decisions are put upon the ground that the statute makes the notarial record only *prima facie* evidence.  Protest of inland bills was unknown at common law.  Under the statute requiring protest, the proper steps must be taken.  Byles on Bills, 265.

In *Wood* v. *Insurance Co.*, 7 How. (Miss.), 609, it was said that a notarial record could be impeached, and that, under the statute, it had only the force and credit the officer's deposition would have.  The statute then expressly limited the force and effect of the notarial certificate.  H. & H. Code, p. 609, § 33.  In *Witkowski* v. *Maxwell*, 69 Miss., 56, the parol evidence seems to have been admitted without objection.  The court cites *Rowan* v. *Odenheimer*, 5 Smed. & M., 44, which is a case

relating only to the sufficiency of the notice.   That *Tucker* v.
*Richards*, 43 Am. Dec., 243, holding that the certificate of pro-
test must show to whom the bill was presented, was, in *Wal-
lace* v. *Crilly*, 46 Wis., 577, declared to be dictum, does not
settle the question, for it is established that the certificate must
show this.

The code of 1880 was in force when this protest was made,
and § 1636, making the record competent evidence, does not
limit it to being *prima facie* evidence.   If the case is to be
governed by that section, what is meant by saying that the
record shall be competent evidence ?   Is it conclusive ?   If the
case is governed by § 1802, code 1892, the statute seems to
make the notarial record the only evidence.

*Booth & Anderson,* for appellee.

Parol testimony was admissible to supplement the incom-
plete certificate of protest and show that the bill of exchange
was duly presented.   *Bradley* v. *Davis*, 26 Me., 45; *Nailor*
v. *Bowie*, 3 Md., 251; 19 Am. & Eng. Enc. L., 294, 297;
Tied. on Com. Pa., § 327; 2 Daniel on Neg. Insts., § 963;
*Witkowski* v. *Maxwell*, 69 Miss., 56.

WHITFIELD, J., delivered the opinion of the court.

The case of *Witkowski* v. *Maxwell*, 69 Miss., 56 is decisive
of the propriety of the action of the court below in admitting
the parol testimony.   See, also, 2 Daniel on Neg. Insts., § 969;
96 Am. Dec., 706, and note.

*Affirmed.*