SKEHAN *v.* DAVIDSON CO.

(Division A.  Jan. 9, 1933.)

[145  So.  247.  No. 30329.]

E. F. Coleman, of Purvis, for appellant.

Dudley W. Conner, of Hattiesburg, for appellee.

McGowen, J., delivered the opinion of the court.

The appellee, the Davidson Company, filed its sworn. itemized account against Mrs. J. A. Skehan in the county

court, and by its declaration sued J. A. Skehan, the husband, and Mrs. J. A. Skehan for the balance due on the account, seventy-nine dollars and ninety-eight cents, alleging that the husband was liable therefore because the goods furnished to the wife were necessities chargeable against the husband on account of the marital relation existing between them. The county judge rendered a judgment for the amount of the account, and on appeal to the circuit court that judgment was affirmed, and the husband, J. A. Skehan, prosecutes an appeal here.

The account filed is against Mrs. J. A. Skehan, and the first charge thereon is dated August 16, 1926, and continued through the years, the last item charged being in March, 1928. There were numerous credits of payment of cash on the account.

The wife, introduced as an adverse witness, swore that the account against her was correct; that her husband did not purchase articles for her, she made her own purchases; and that he allowed her from fifty to seventy-five dollars per month for her support. The record fairly demonstrates that they are living together and that there has been no abandonment and no failure to pay over to her the cash allowance. She further testified that she opened the account with this company twelve or fourteen years ago, gave her own references, and established her own charge account there; and that her husband did not know she had contracted the debt until this suit was brought against him There was no effort to show the station of life of the parties and to show any express contract on the part of the husband. We think the evidence fairly shows that there was an express contract between the Davidson Company and Mrs. Skehan, and that the goods were furnished to her solely and alone upon her own credit. The judgment against Mrs. Skehan was correct, and there is no appeal therefrom.

By section 1940, Code of 1930, which has been in our statutes since the Code of 1880, a married woman is

fully emancipated from the disability of coverture and has full capacity to make contracts as if she were not married. It is the law, however, that, where the husband fails to supply the wife with the necessities convenient and suitable to their station in life, the husband is liable therefor, because the obligation assumed by him upon marriage and the failure to supply the necessities is an implied agency of the wife to create the debt as against the husband. See Dunbar v. Meyer, 43 Miss. 679; East v. King, 77 Miss. 738, 27 So. 608; Galtney et al. v. Wood, 149 Miss. 56, 115 So. 117. Applying the principle of law announced in these several decisions of this court, it is clear from the facts of the case at bar that the Davidson Company furnished goods for many years to the wife on the sole credit extended to her, and that she created the debt against herself and not impliedly as the agent of the husband. Hence, he would not be liable for the debt. See 13 R. C. L., p. 1180, section 209.

In addition to the fact that the goods were furnished Mrs. Skehan solely and alone upon her own credit for many years, and there was neither express nor implied contract on the part of the husband, it is not shown in this case that the allowance made by the husband to the wife was not wholly adequate to her support in the station of life in which they lived. Of course, the mere fact that the account was charged to the wife, of itself, would not relieve the husband of his common-law obligation to support his wife, but the facts of this case show that no such obligation existed. The husband does not become surety in case the wife defaults in the performance of her own contract. The husband is not liable on the facts of this case.

Reversed and judgment here for the appellant.