McLemore *v.* Riley's Hospital, Inc.

(In Banc. Dec. 11, 1944.)

[20 So. (2d) 67. No. 35706.]

Graham & Graham, of Meridian, for appellant.

Lyle V. Corey, of Meridian, for appellee.

McGehee, J., delivered the opinion of the court.

This is a suit begun by attachment in chancery of certain real estate belonging to the appellant on the ground of her alleged non-residence, but wherein she entered an appearance and denied liability for the indebtedness sued on. The account is for medical and hospital expense incurred in connection with an emergency operation performed on the appellant, the arrangements for the charge account therefor having been made by her husband and his employers. A decree was rendered in favor of the appellee, Riley's Hospital, Inc., against the appellant, a married woman, who was the sole defendant named in the bill of complaint, and which decree also ordered her residence property to be sold for the payment of such

demand and cost. From this decree she prosecutes the appeal and assigns several alleged errors as grounds for a reversal of the case.

In view of the conclusion we have reached it is only necessary that we consider one of the grounds assigned. That is to say, whether or not a married woman who is living with her husband is liable for such necessities as the husband is required to furnish to her in the absence of a promise or agreement on her part to pay for the same.

The proof discloses, without dispute, that the defendant was carried to the hospital by her husband for the emergency operation, that the matter of paying for the expense in connection therewith was never discussed with her, and that she did not at any time promise or contract to pay for the same.

In the case of Galtney et al. v. Wood, 149 Miss. 56, 115 So. 117, the wife had sued for damages sustained because of personal injuries and for doctor's bills, hospital expense, etc., amounting to the sum of $517.80, and recovered a judgment therefor in the trial court. Over the objection of the defendants there was testimony introduced and submitted to the jury as to these expense items. On appeal this Court held that unless the appellee entered a remittitur for these items the case would be reversed and remanded, but that if the same was entered the case would be affirmed. The Court in its opinion said, among other things, that: ''Of course a married woman, emancipated, can make any lawful contract; and, if it is shown by the plaintiff she had contracted to pay these bills, or had paid them, these items would be properly considered as part of the damages to be submitted to the jury for allowance or disallowance. . . . In the absence of proof to the contrary the husband is primarily liable for the wife's necessary doctor's bills, medicine bills, and hospital bills, unless she shall show that same have been paid or contracted to be paid out of her separate estate.'' Then, in commenting upon the decisions of the Supreme Court

of Missouri which seem to hold to the contrary, the court said: "We decline to follow that court, in view of the fact that we do not think the emancipation of women in this State as to separate property rights has relieved the husband of the obligation to furnish necessities to his wife, and we think the jury considered these items in making up its verdict."

In Vol. 41, C. J. S., Husband and Wife, sec. 63, p. 531, it is declared that "As a general rule, a wife was not legally liable at common law for necessaries furnished her. As appears infra Sec. 183, the general rule that at common law the contracts of a married woman are not binding on her is applicable to her contracts for necessaries, but under statutes removing her disability to contract she may contract with a third person for necessaries so as to render herself personally liable. Where she has not so contracted, she is not personally liable for necessaries, except where liability is imposed on her by statute, and even though she received the benefit of the goods purchased. To bind her personally, it must be made to appear that necessaries were supplied on her individual credit, where credit is given to the husband, or to husband and wife, the wife is not liable."

To the same effect the rule is announced in 26 Am. Jur., secs. 337 to 372, pp. 934 to 971, inclusive. The fact that the account was charged to both husband and wife is immaterial, since it was not shown to have been done at her instance or pursuant to any authority given by her.

In the case at bar the husband made some small payments on the indebtedness and thereafter separated from his wife and they were living apart at the time the suit was filed and at the time of the trial, but the question of his primary liability for the account sued on is to be determined as of the time when the expense was incurred. As heretofore stated, she alone was sued therefor.

Reversed and judgment here for the appellant.