MONTGOMERY WARD & CO., INC., *v.* NICKENS.

(In Banc. February 23, 1948. Suggestion of Error Overruled, April 12, 1948.)

[33 So. (2d) 815. No. 36638.]

Jackson, Young, Daniel & Mitchell, of Jackson, and Stuart S. Ball and David L. Dickson, both of Chicago, Ill., for appellant.

Barnett, Barnett & Jones, Francis Bowling and Henry Edmonds, all of Jackson, for appellee.

Argued orally by **Milton M. Mitchell**, for appellant, and by **Ross R. Barnett**, for appellee.

**Sydney Smith, C. J.**, delivered the opinion of the court.

The appellee, an employee of the appellant, was injured while in the discharge of her duty under her employment. On the evidence whether the appellant was guilty of the negligence charged in the appellee's declaration was for

the determination of the jury, consequently the court below committed no error in refusing to direct the jury to return a verdict for the appellant and no reversible error, if error at all, appears in the instructions granted the appellee, of which the appellant complains.

Over the objection of the appellant the appellee was allowed to introduce evidence of hospital, medical, nurses and doctors bills necessarily incurred by her because of the injury which she here suffered. The ground of the appellant's objection thereto was thus stated by its counsel in the Court below: "We object to any testimony with reference to amounts expended for doctors, hospitals, medicine, or treatment of Mrs. Nickens, she having testified that she is married, that her husband is employed as a machinist's helper with the G. M. & O. Railroad Company, and, under the law, she would not be permitted to recover any amounts expended even though they were expended by her, since her husband alone is liable for the necessities for his wife."

No objection on any other ground was interposed to any of this evidence, except to that of the bill of Dr. Ross, which will be returned to later. According to the appellee's evidence, which was without contradiction, she contracted to pay these bills herself and nothing in the evidence indicates that she was acting as her husband's agent. Under Section 451, Code 1942, a married woman has the right to make any contract which she could have made while a feme sole, so that the contracts the appellee here made for the payments of her medical, hospital, nurses and doctors bills were valid and binding on her, Skehan v. Davidson Co., 164 Miss. 518, 145 So. 247, and therefore the expenses she thereby contracted to pay may be recovered by her. 41 C. J. S., Husband and Wife, Sec. 401; Galtney v. Wood, 149 Miss. 56, 115 So. 117; Cf. Mc-Lemore v. Riley's Hospital, 197 Miss. 317, 20 So. (2d) 67. No error, therefore, was committed by overruling the appellant's objection to this evidence.

The Court below had directed the appellee to furnish the appellant with a bill of particulars, including "an itemized statement of all doctors, medical, hospital and nurses bills incurred" by her. In complying with this order the appellant failed to include the name and bill of Dr. Ross. When evidence as to this bill was offered by the appellee it was objected to on the ground that it did not appear in the bill of particulars. Counsel for the appellee, after giving an excuse for the failure to include the bill of Dr. Ross in the bill of particulars, asked "leave to amend and put in the bill of Dr. Ross." The Court responded thereto by saying, "The motion to amend is sustained. Proceed." Counsel for the appellee then asked, "May we make the amendment a little later, your Honor?" To which the Court replied, "Yes." No objection was made thereto by counsel for the appellant and the trial proceeded to its close without the amendment being actually made.

The amendment which the Court here granted the appellee leave to make was not to her declaration, and the evidence which she offered would have been admissible thereunder except for the appellant's request for a bill of particulars. "A bill of particulars is properly an amplification of a pleading, designed to make more specific general allegations which appear therein, and to avoid a surprise at the trial. The function of a bill of particulars is to do justice in the case when that cannot be accomplished without the aid of such a bill, and that is to apprise the opposite party of the case which he has to meet. . . ." 49 C. J. 622; 41 Am. Jur. 478; Sec. 1499, Code 1942; Nevitt v. Rabe, 5 How. 653; Chicago, etc., R. Co. v. Provine, 61 Miss. 288; Knox v. Southern Paper Co., 143 Miss. 870, 108 So. 288. By what here occurred the appellant was fully advised of the nature and amount of Dr. Ross' medical bill, and by not objecting thereto waived its right to have the bill of particulars amended before the evidence was proceeded with; and it does not appear, and

no claim is made, that the appellant was harmed thereby. We have not overlooked the cases cited by counsel for the appellant in this connection.

Affirmed.

**Griffith, J.**, took no part in the above decision.