HENDERSON *v.* HENDERSON.

In Banc. Jan. 23, 1950.

No. 37368 (43 So. (2d) 871)

John Horan, for appellant.

**Kermit R. Cofer,** and **Creekmore & Creekmore,** for appellee.

**Roberds, J.**

Mrs. Henderson, the appellant, filed her bill in this cause against Mr. Henderson, the appellee, praying for a divorce on the ground of desertion. No other relief was asked. Mr. Henderson answered, denying desertion, and then, by cross-bill, set up that some two and a half years previously he, after an understanding with his wife, sold a house and lot which he owned in Water Valley, Mississippi, and applied $850.00 of the proceeds of that sale in the repair of a house belonging to his wife in Water Valley. He prayed for personal decree against his wife and that an equitable lien be impressed upon her property to secure payment of the money decree. He did not ask for a divorce.

Testimony was taken on the issues as made. At the close of the evidence the Chancellor, in an oral statement, indicated the proof showed desertion but the time of such desertion had not occurred a year previous to the filing of the bill, as required by the statute. Section 2735, Code 1942. Complainant then dismissed her bill without prejudice. Later there was a hearing on the cross-bill, resulting in a personal decree against Mrs. Henderson for $400.00, with a proviso that if the amount was not paid within sixty days, execution might issue to enforce collection thereof. No lien was impressed upon the property and Mr. Henderson did not appeal.

A number of errors are assigned and argued on this appeal but we decide only one, and that is whether a personal decree could be entered against Mrs.

Henderson under the circumstances of this case. We hold that it could not for two reasons:

The first reason is that Mr. Henderson does not claim, either in his pleadings or proof, that there was any agreement or understanding that Mrs. Henderson would repay him. There is no indication whatever she made any such promise or that either party considered it her personal obligation. No circumstance is disclosed justifying expectation on his part that this money would be repaid by his wife, or, for that matter, showing he had any such expectation. He seems to have conceived that idea after he had deserted his wife and left the home and she had filed suit for divorce.

The second reason is grounded in this state of affairs: It appears the parties had resided upon the property in question as their home. They went to California for a while. The property became dilapidated. It was upon their return to Mississippi the arrangement was made for the repair of the home so as to make it livable. They did again live therein and continued to do so as their home until Mr. Henderson moved out in the spring of 1946, leaving in the home some furniture, which he moved away in September thereafter, at which time the Chancellor thought the desertion took place. No divorce has been granted either party. They are yet man and wife.

One of the most fundamental duties growing out of the law of domestic relations is the duty of the husband to support the wife. That duty arises out of the marital relationship and continues during the existence of that relationship. That obligation of support requires him to provide his wife with a place of abode as a suitable home, measured in the light of modern standards of civilization as pertains to health, comfort and welfare, the normal living of persons of their social rank and standard of living, within the means and earning power of the husband. 26 Am. Jur., Husband and Wife, Sections 337, 338; Runnels v. State, 154 Miss. 621, 122

So. 769; Fanchier v. Gammill, 155 Miss. 316, 124 So. 365. The repair of this property, so as to make it livable, was certainly within the means of the husband. He said he did it using part of his available funds. We might add, in this connection, that the evidence shows the wife used her hard-earned savings also in making these repairs. The proof is much more certain and definite she did do that, and of the nature and cost of the repairs made by her, than is the evidence that the husband made any repairs at all. The husband cannot convert his wife into his money debtor by performing his legal duty to support her. Mr. Henderson is fortunate that they lived in property belonging to his wife, and he was only put to the expense of helping to repair it, instead of being required himself to acquire and make available a home for his wife.

Reversed, cross-bill of appellee dismissed and decree here for appellant.