183 So.2d 925 (1966)
Dr. Gaines L. COOKE and Dr. Ben P. Evans
v.
Aubrey ADAMS and Marian Adams, Administrators of the Estate of Mrs. Alline A. McGinnis, Deceased.
No. 43857.
Supreme Court of Mississippi.
March 21, 1966.
*926 John S. Throop, Jr., Water Valley, for appellants.
Horan & Horan, Water Valley, for appellees.
SMITH, Justice.
This is an appeal by Dr. Gaines L. Cooke and Dr. Ben P. Evans from a decree of the Chancery Court of the Second Judicial District of Yalobusha County disallowing their claims for professional services probated against the estate of Mrs. Alline A. McGinnis, deceased.
Following a hearing, the chancellor found as facts that the probate of the claims was timely; the services were rendered personally to the decedent by claimants; she received and accepted the benefit of them; the services were necessary, and the charges therefor were reasonable. He concluded, however, as a matter of law, that, as decedent was a married woman and medical services are within the category of necessities which the husband is obligated to provide, the rule announced by this Court in McLemore v. Riley's Hospital, Inc., 197 Miss. 317, 20 So.2d 67 (1944), precluded allowance of the claims because there was a complete absence of any proof of an express agreement to pay on the part of the decedent.
We think the chancellor correctly interpreted the court's decision in McLemore, supra, the effect of which was to require proof of an express agreement to pay on the part of a married woman before liability could attach under circumstances similar to those in the present case.
We have re-examined McLemore, supra, and have concluded that an unwarranted restriction was engrafted upon Mississippi Code Annotated section 451 (1956) dealing with the emancipation of married women. That section, first enacted in 1880, concludes with a provision that a married woman shall have the same capacity "* * * to bind herself personally, and to sue and be sued, with all the rights and liabilities incident thereto, as if she were not married."
The application in the case now before us of the rule announced in McLemore, supra, would result in a manifest injustice and, unless modified or overruled, will continue to produce unfair results not contemplated by the parties nor in keeping with the legislative policy as expressed in the above statute.
In Montgomery Ward & Co. v. Nickens, 203 Miss. 195, 33 So.2d 815 (1948), this Court said the express contracts of a married woman to pay for her "medical, hospital, nurses and doctors bills were valid and binding on her."
The public policy of this State with respect to this subject is founded upon Article 94 of the Mississippi Constitution, and is spelled out in section 451, supra. The necessity for reconsideration of the rule stated in McLemore, supra, is pointed up not only by the result of its application to the facts in this case, but also by a clearly discernible nation-wide trend, of both state and federal legislation, to expand rather than to restrict the economic and personal emancipation of women and their ever increasing participation in business and professional affairs. An expression of the legislative policy of Mississippi may be drawn from Mississippi Code Annotated section 2743 (1956) dealing with the custody of children and alimony, *927 which was amended to provide that where both parents have separate incomes or estates that the court may require each parent to contribute to the support and maintenance of the children of the marriage in proportion to the financial ability of each. Married women today often are the breadwinners and have incomes and estates equal or superior to those of their husbands.
We think the rule in McLemore, supra, requiring an express agreement, is unrealistic and does violence to the legislative policy expressed in section 451, supra. Therefore, we now overrule McLemore, supra, and hold that in the absence of any express agreement, where a married woman shall obtain necessities, whether in the form of goods or services, for her own personal use or benefit, under circumstances which, if she had not been married, would give rise by implication to a contract on her part to pay for such goods or services, she shall be liable, jointly with her husband, for the value of such goods or services, and recovery therefor may be had from her separate estate.
It is not intended that anything in this decision shall change, diminish, or affect any duty or obligation of husband or wife to each other, nor the obligation which rests upon the husband to support his wife and family, nor their right to look to him for such support.
In 17 C.J.S. Contracts § 4 at 561 (1963), it is stated:
"* * * Any conduct of one party from which the other party may reasonably draw the inference of a promise is effective in law as such, and conduct of the parties is to be viewed as a reasonable man would view it to determine the existence or not of an implied in fact contract. * * *"
A promise which is implied in fact is merely a tacit promise, one which is inferred in whole or in part from the expressions other than words by the promisor, and a promise implied in law is one in which neither the words nor the conduct of the party involved are promissory in form or justify an inference of a promise, and the term is used to indicate that the party is under a legally enforceable duty as he would have been, if he had in fact made a promise. Ferrous Products Co. v. Gulf States Trading Co., Tex.Civ.App., 323 S.W.2d 292, affirmed 160 Tex. 399, 332 S.W.2d 310 (1960).
The proof shows, and the chancellor found, that claimants in good faith attended decedent as her physicians for some fifty days, in the hospital, and also performed necessary surgery, all of which was for her personal benefit. Under the circumstances of this case, the law implies a contract to pay on the part of Mrs. McGinnis, and the claims should be allowed and paid out of her estate.
The case is reversed and judgment is entered here for appellants.
Reversed and judgment here for appellants.
All Justices concur.