467 So.2d 96 (1985)
Roberta Carrier GUIDRY, Plaintiff-Appellee,
v.
Ignace GUIDRY, Jr., Defendant-Appellant.
No. 84-297.
Court of Appeal of Louisiana, Third Circuit.
April 10, 1985.
*97 Malcolm Brasseaux, Church Point, for defendant-appellant.
Pucheu, Pucheu & Pucheu, Jacque B. Pucheu, Eunice, for plaintiff-appellee.
Before DOMENGEAUX, DOUCET and KING, JJ.
DOUCET, Judge.
This appeal arises from a rule for alimony pendente lite brought by Roberta Carrier Guidry in conjunction with a suit for separation from bed and board from her husband, Ignace Guidry, Jr.
After hearing the evidence, the trial court ordered the husband to pay alimony lite in the amount of $400.00 per month. Mr. Guidry appeals the award, arguing that it is excessive in light of Mrs. Guidry's expenses and the funds available to her.
Under the provisions of La.C.C. art. 148:
"If the spouse has not a sufficient income for maintenance pending suit for separation from bed and board or for divorce, the judge may allow the claimant spouse, whether plaintiff or defendant, a sum for that spouse's support, proportioned to the needs of the claimant spouse and the means of the other spouse."
The claimant spouse is entitled to be maintained in the same manner as during the marriage if the other spouse has the means. Arceneaux v. Arceneaux, 426 So.2d 745 (La.App. 3rd Cir.1983); Ward v. Ward, 339 So.2d 839 (La.1976). The trial court has much discretion in fixing awards of alimony pendente lite. The determination of the trial court in that regard will not be disturbed unless there has been a clear abuse of its discretion. Arceneaux v. Arceneaux, supra.
In the case presently before the court, the record reveals that Mrs. Guidry lives with and cares for her mentally disturbed brother, in his trailer. As guardian of his estate, she receives $550.00 per month for his care and expenses from the Veterans Administration. Mrs. Guidry has no income of her own except for alimony pendente lite. She and her brother share expenses including trailer lot rental, utilities, and groceries. Mrs. Guidry's income and expense statement shows quite moderate monthly expenses of $882.90[1] for the two of them.
While it is true that Mrs. Guidry's brother receives other income due to his disability, that money is for his own support. He is not obligated to support his sister. Nor is Mr. Guidry relieved of his duty to support his wife. One of the legal consequences of the contract of marriage is the duty of support which one spouse owes *98 the other. La.C.C. art. 119, Collins v. Collins, 458 So.2d 1008 (La.App. 3rd Cir.1984). That duty continues until the marriage is terminated by death or divorce. The duty to pay alimony pendente lite to a needy spouse is a judicial enforcement of the duty of support. Ward v. Ward, supra; Arceneaux v. Arceneaux, supra. Mr. Guidry must support his wife until the divorce, since she has "not a sufficient income for maintenance". La.C.C. art. 148. At trial, it was revealed that Mr. Guidry had income of approximately $1,400.00 per month. Under the circumstances, we cannot find that the trial court abused its discretion in awarding alimony pendente lite in the amount of $400.00 per month.
Therefore, we affirm the judgment of the trial court. The costs of appeal are to be paid by the appellant.
AFFIRMED.
NOTES
[1] This figure excludes the estimated automobile note of $400.00 which was included on her expense statement, since the use of the family automobile has been restored to her by the judgment of the trial court.