621 So.2d 928 (1993)
Jeremy R. GOVAN
v.
MEDICAL CREDIT SERVICES, INC.
No. 90-CA-0533.
Supreme Court of Mississippi.
April 8, 1993.
Rehearing Denied August 26, 1993.
David P. Oliver, Gulfport, for appellant.
Bruce Cornell, Ann Bowden-Hollis, Robert C. Galloway & Galloway, Gulfport, for appellee.
En banc.
McRAE, Justice, for the Court:
This appeal arises from a May 10, 1990, judgment of the Harrison County Circuit *929 Court affirming an order of the County Court of the First Judicial District of Harrison County which granted the appellee's motion for judgment on the pleadings, which was treated as a motion for summary judgment. The trial court found the appellant liable for certain unpaid medical bills of his former wife, Kimberly Govan, which were incurred prior to their divorce. Finding that, absent any express agreement with a third party to do so, a spouse is not obligated to pay the debts of the other, we reverse the decision of the circuit court.

I.
Kimberly Govan was treated at Memorial Hospital at Gulfport on April 21, 1988. After her $468.50 bill remained unpaid, it was turned over to Medical Credit Services, Inc. for collection. On May 9, 1989, Medical Credit Services sent a final notice to the Govans, advising them that legal action would be taken if the bill was not paid within seventy-two hours.
When the Govans failed to respond, Medical Credit Services filed a complaint against Jeremy Govan on May 16, 1989, in the County Court of the First Judicial District of Harrison County, seeking recovery of $585.00, which included the amount due as well as attorneys' fees and court costs. Govan answered, asserting that he was not liable for the debt because he and Kimberly had subsequently divorced and he had not contracted with the hospital to provide services for her.[1]
Medical Credit Services filed an amended complaint on October 18, 1989, naming both Jeremy and Kimberly Govan as parties. Jeremy Govan then filed a motion for summary judgment on October 30, 1989. He again asserted in his supporting affidavit that he had not contracted with the hospital to treat his then wife, and further, that responsibility for her debts would be a denial of equal protection under the fourteenth amendment of the United States Constitution and the Mississippi Constitution. The County Court Judge denied Govan's motion on November 6, 1989.
Medical Credit Services filed a motion for judgment on the pleadings on December 11, 1989. Kimberly Govan did not respond to the summons and amended complaint or the motion for summary judgment on the pleadings. An Entry of Default and Default Judgment were filed against her on December 18, 1989. Further, the County Court Judge, finding that Jeremy Govan had failed to file a legal defense to the action, found him liable for the past due bill and fees. Govan then appealed the judgment to the Harrison County Circuit Court, raising the same issues now before this Court. The Circuit Court affirmed the judgment of the County Court, finding that the County Court did not err in denying Jeremy Govan's motion for summary judgment and that Govan was liable for debts incurred by his wife during the marriage.

II.
In this appeal, we are asked to consider whether a husband should be liable per se to a third party for debts incurred by his former wife during their marriage. Absent one spouse's express agreement to be obligated to a third party for the debts of the other, we find no basis in our current jurisprudence for such liability. Accordingly, we reverse the ruling of the Circuit Court and render judgment for the appellant.
Govan asserts that liability to third party creditors for debts incurred by his former wife during their marriage is a violation of equal protection under the fourteenth amendment to the United States Constitution as well as under Miss. Const. art. 4, § 94, which states:
The legislature shall never create by law any distinction between the rights of men and women to acquire, own, enjoy, and dispose of property of all kinds, or their power to contract in reference thereto. Married women are hereby fully *930 emancipated from all disability on account of coverture. But this shall not prevent the legislature from regulating contracts between husband and wife; nor shall the legislature be prevented from regulating the sale of homesteads.
Moreover, Miss. Code Ann. § 93-3-1 (1972) legislatively abrogated the disability of coverture and vested married women with a panoply of rights. Both this Court and the legislature long have recognized "a clearly discernible nation-wide trend, of both state and federal legislation, to expand rather than restrict the economic and personal emancipation of women and their ever increasing participation in business and professional affairs." Cooke v. Adams, 183 So.2d 925, 927 (Miss. 1966). In expanding the rights of women, we also have placed on them greater responsibilities and obligations, accepting the contemporary reality that "[m]arried women today often are the breadwinners and have incomes and estates equal or superior to those of their husbands." Id. at 927. Miss. Code Ann. § 93-5-23, for example, requires both parents to provide support for their minor children in proportion to their financial abilities. Our decisions, likewise, have ordered mothers to pay child support and wives to pay alimony. We have further broken down barriers between men and women by abrogating interspousal tort immunity. In this case, we do not address the obligation for debts as between spouses, but with regard to a third party creditor who, solely on the basis of the marriage contract, seeks to collect from one spouse, with whom it has no express agreement, the debts of the other.
In Cooke, we held that where a wife had not signed an express contract for her hospital care, her estate, not her estranged husband, was primarily responsible for payment of her hospital bills.[2] We stated that:
[i]n the absence of any express agreement, where a married woman shall obtain necessities, whether in the form of goods or services, for her own personal use or benefit, under circumstances which, if she had not been married, would give rise by implication to a contract on her part to pay for such goods or services, she shall be liable, jointly with her husband, for the value of such goods or services, and recovery may be had from her separate estate.
Cooke, 183 So.2d at 927. Without resorting to the use of gender-neutral language, we clarified that, in so ruling, we did not seek to establish a constitutionally impermissible double standard for husbands and wives.
Following our decision in Cooke as well as the directives of Miss. Const. art. 4, § 94 and Miss. Code Ann. § 93-3-1, we find that the circuit court erred in finding Govan liable for his former wife's hospital bill. Likewise, had Govan incurred an obligation on his own behalf without his wife's express agreement, we would not find her liable. Only when both spouses have expressly contracted with a third party creditor may one be liable for the other's debts unless there is some type of an agency relationship.

III.
Govan suggests that the common law duty of a husband to provide for his wife amounts to gender-based discrimination in violation of the fourteenth amendment to the United States Constitution. While we reach our holding in this case without deciding that issue, we note that while the notion may be regarded as outmoded or unfair, nothing in the cases we surveyed from other jurisdictions even hints that it is unconstitutional. Instead, courts and legislatures in other jurisdictions still acknowledge the duty, but in some instances, have expanded the doctrine to include a reciprocal duty of a wife to her husband.
*931 Some jurisdictions have held that there is a duty of mutual or shared support between husband and wife, sometimes using the gender-neutral term, "spouse." The Louisiana Courts have held that "[o]ne of the legal consequences of the contract of marriage is the duty of support that one spouse owes the other." Guidry v. Guidry, 467 So.2d 96, 98 (La. App. 3rd Cir.1985); Collins v. Collins, 458 So.2d 1008, 1010 (La. App. 3rd Cir.1984); See also Yale University School of Medicine v. Collier, 206 Conn. 31, 536 A.2d 588, 591 (1988). In Ohio, a wife was found to be liable for the medical expenses of her deceased husband for which she had not contracted only when his own assets were insufficient to cover the amount owed. Ohio State University Hospital v. Kinkaid, 48 Ohio St.3d 78, 549 N.E.2d 517, 518 (1990). The Ohio Court cited R.C. 3103.03 for the proposition that "[t]he husband must support himself, his wife, and his minor children out of his property or by his labor. If he is unable to do so, the wife must assist him so far as she is able." In so holding, the Ohio Court further noted that:
We are aware of the strong public policy argument that the responsibility of support between a wife and husband should be one of mutual and equal obligation. We recognize that it is a desirable goal to have autonomy and equality regardless of gender. We are also mindful of R.C. 3103.01 which provides that "[h]usband and wife contract towards each other obligations of mutual respect, fidelity and support." (Emphasis added.)
549 N.E.2d at 519. Indeed, we said as much in Cooke, when noting the obligation and duty a husband and wife have to one other.

IV.
Nothing in our jurisprudence obligates one spouse to be liable to a third party for the debts of the other without express consent. To hold otherwise would violate art. 4, § 94 of the Mississippi Constitution and open the door for either spouse to control or deplete the other's separate estate. Accordingly, we reverse the decision of the Circuit Court and render judgment here for appellant.
REVERSED AND RENDERED.
HAWKINS, C.J., DAN M. LEE, P.J., and BANKS, ROBERTS and SMITH, JJ., concur.
BANKS, J., concurs with separate written opinion.
PRATHER, P.J., dissents with separate written opinion joined by SULLIVAN and PITTMAN, JJ.
BANKS, Justice, concurring:
While I cannot agree that Miss. Const. § 94 dictates that result, I agree with the majority disposition of this case. I would hold simply that the spouse duty of support is not enforceable by strangers to the marital contract and abandon judge-made law not appropriate in modern society absent legislative action. Glaskox v. Miss. Export R.R. Co., 614 So.2d 906 (Miss. 1992); Kirk v. Koch, 607 So.2d 1220 (Miss. 1992); Pruett v. City of Rosedale, 421 So.2d 1046 (Miss. 1982).
PRATHER, Presiding Justice, dissenting:
Respectfully, I dissent from the majority opinion because it departs from well-entrenched law of this state. In this case, the issue is whether a husband is legally responsible for necessary medical treatment furnished his wife by a third party during their marriage.

I.
Medical Credit Services, Inc., assignee of Memorial Hospital at Gulfport, sued Jeremy R. Govan, husband of Kimberly Govan, for medical services rendered his wife during their marriage. The county court entered an order granting Govan time within which to join his wife in the suit finding that both parties appear to be "jointly" liable for the debt. After service of process on the wife, the county court entered two orders: "Judgment on the Pleading" against Jeremy R. Govan and "Judgment *932 by Default" against Kimberly  each for the full debt, attorney's fee, interest, and costs. Jeremy Govan appealed to the circuit court and to this Court seeking reversal of the judgment entered against him.
Jeremy Govan (Govan) asserts a denial of equal protection of the law under the Fourteenth Amendment of the United States Constitution. He also bases his position on the Mississippi Constitution Art. 4, Section 94 and Miss. Code Ann. § 93-3-1 (1972), removing the disability of coverture of married women in 1872. Relying on these authorities and Cooke v. Adams, 183 So.2d 925 (Miss. 1966), the majority reverses the judgment against the husband. I respectfully submit that these authorities are not supportive of this conclusion.

II.
Historically, in Mississippi "[o]ne of the most fundamental duties growing out of the law of domestic relations is the duty of the husband to support the wife. That duty arises out of the marital relationship and continues during the existence of that relationship." Henderson v. Henderson, 208 Miss. 98, 104, 43 So.2d 871, 872 (1950); Thompson v. Thompson, 527 So.2d 617, 621 (Miss. 1988).
It is true that contemporary concepts of the rights of women have eroded our attitudes toward this basic and fundamental duty. This is evidenced and expressed in interpretation of our case law. However, I strongly disagree that in Cooke, cited by the majority, this Court abandoned totally the basic principles of Henderson and Thompson, and that today a husband is under no duty to provide medical services for his wife. The majority totally omits a quotation from Cooke that stated this principle:
It is not intended that anything in this decision shall diminish, or affect any duty or obligation of husband and wife to each other, nor the obligation which rests upon the husband to support his wife and family, nor their right to look to him for such support.

Id. at 927. (Emphasis added).
The law on this subject has been in transition. This contemporary trend is expressed in general terms by an annotation at 20 A.L.R. 4th 198-199, as follows:
A question has arisen in the modern cases within the scope of this annotation concerning whether the husband remains, as under common law, primarily or solely liable for necessaries furnished the wife, with the wife being liable under various theories but only in a secondary capacity, or whether the wife herself may be equally or primarily liable. Thus, in a number of cases, the courts have ruled that the husband remains primarily liable, so that he must be sued first before an action could be brought against the wife, but if the judgment against the husband remained unsatisfied, the wife could be held secondarily liable under contractual theories of liability... . Some of these cases reasoned that despite the growing equality of women with men in terms of employment, their incomes lagged far behind their male counterparts, so that primary liability of the husbands was appropriate. In other cases, the courts have taken the general position that the husband was primarily or solely liable, and that the wife could be held liable if she expressly contracted, without stating whether an action could be brought against the wife without prior action being taken against the husband or whether the wife was secondarily liable... . On the other hand, other cases rejected as inapplicable to modern social and economic conditions the common-law rule immunizing a wife from liability for her own necessaries, noting that such rule was no longer applicable in modern society where many married women were employed and could pay for their own necessaries. Consequently, a number of these courts, frequently reasoning that the spouse incurring expenses for necessary goods should be held primarily liable therefor and the other spouse only secondarily liable therefor, have held that a wife purchasing her necessaries should be held primarily liable and her husband only secondarily liable... . Based on similar reasoning, other courts have taken *933 the position that both spouses should be jointly held liable for each other's necessaries... .
Mississippi's case law has not definitively adopted one of these alternative dispositions in this evolving area of the law. The Cooke holding is predicated upon two conditions: (1) a married woman having a separate estate, and (2) having obtained necessities under circumstances that would give rise to an implied contract. In Cooke, the deceased wife had an estate, but in the instant case, the record is silent. Likewise, in Cooke, the Court expressly continued the husband's obligation to support his wife; but the majority opinion ignores that part of the holding of Cooke, and adopts a contrary result.
The majority opinion bases its decision on Miss. Const. Art. 4, Sec. 94 and on Miss. Code Ann. § 93-3-1 (1972). The subject matter of that authority deals with removal of the disability of married women to own property, and to contract with reference to their property. But that legislation does not address the liability of a wife for necessities absent an express contractual agreement. Cooke modified this common law rule to imply a contract under limited circumstances.
In addition, the majority relies on Miss. Code Ann. § 93-5-23 (1972) and states that both parents are to provide support for their minor children in proportion to their financial abilities. However, this ignores what this Court stated in Tedford v. Dempsey, 437 So.2d 410, 422 (Miss. 1983) when we recognized that in entering a child-support order, a chancellor must consider what is reasonable and that financial resources reasonably available to each parent is but one factor. Further this Court stated that "[i]t is more than a realistic recognition that in our society men still have a far greater earning capacity than do women." This Court recognizes that the custodial parent also provides "in kind" services. Indeed, substantial non-monetary contributions by a non-working mother have been acknowledged to be valuable contributions. Each case is based on its particular circumstances, and to require a greater contribution from the father when the circumstances requires it evidences a compelling state interest and does not offend the equal protection requirement of the constitution and § 93-5-23. It is my position that the authorities relied on by the majority are not supportive of the result reached.

III.
If this Court is ready to adopt a new interpretation of its law on this subject in view of contemporary attitudes, it is my position that this Court should rule that a husband remains primarily liable for necessaries of his wife and children. But if the judgment against the husband is unsatisfied, then the wife could be held secondarily liable under implied contractual theories of liability where she is employed and could pay for her necessaries. Estate of Stromsted, 99 Wis.2d 136, 299 N.W.2d 226 (1980). This rule would permit the trial court to determine the wife's employment status, her separate estate, if any, and her relative ability to pay. Whether the parties are separated and living apart is an important factor, also.
Other alternatives are also available. But respectfully, I suggest that the majority's views do not represent mine, and I therefore dissent.
SULLIVAN and PITTMAN, JJ., join this opinion.
NOTES
[1] The record is silent as to when the couple ultimately separated and divorced, however, it does not matter for purposes of this appeal.
[2] In so ruling we expressly overruled McLemore v. Riley's Hospital, Inc., 197 Miss. 317, 20 So.2d 67 (1944) wherein a married woman's liability for her own debts attached only when she expressly agreed to the obligation. We found that the rule in McLemore "is unrealistic and does violence to the legislative policy expressed in [Miss. Code Ann.] section 451 [1956]." Cooke, 183 So.2d at 927.