This appeal arises from a May 10, 1990, judgment of the Harrison County Circuit *Page 929 
Court affirming an order of the County Court of the First Judicial District of Harrison County which granted the appellee's motion for judgment on the pleadings, which was treated as a motion for summary judgment. The trial court found the appellant liable for certain unpaid medical bills of his former wife, Kimberly Govan, which were incurred prior to their divorce. Finding that, absent any express agreement with a third party to do so, a spouse is not obligated to pay the debts of the other, we reverse the decision of the circuit court.
 I.
Kimberly Govan was treated at Memorial Hospital at Gulfport on April 21, 1988. After her $468.50 bill remained unpaid, it was turned over to Medical Credit Services, Inc. for collection. On May 9, 1989, Medical Credit Services sent a final notice to the Govans, advising them that legal action would be taken if the bill was not paid within seventy-two hours.
When the Govans failed to respond, Medical Credit Services filed a complaint against Jeremy Govan on May 16, 1989, in the County Court of the First Judicial District of Harrison County, seeking recovery of $585.00, which included the amount due as well as attorneys' fees and court costs. Govan answered, asserting that he was not liable for the debt because he and Kimberly had subsequently divorced and he had not contracted with the hospital to provide services for her.[1]
Medical Credit Services filed an amended complaint on October 18, 1989, naming both Jeremy and Kimberly Govan as parties. Jeremy Govan then filed a motion for summary judgment on October 30, 1989. He again asserted in his supporting affidavit that he had not contracted with the hospital to treat his then wife, and further, that responsibility for her debts would be a denial of equal protection under the fourteenth amendment of the United States Constitution and the Mississippi Constitution. The County Court Judge denied Govan's motion on November 6, 1989.
Medical Credit Services filed a motion for judgment on the pleadings on December 11, 1989. Kimberly Govan did not respond to the summons and amended complaint or the motion for summary judgment on the pleadings. An Entry of Default and Default Judgment were filed against her on December 18, 1989. Further, the County Court Judge, finding that Jeremy Govan had failed to file a legal defense to the action, found him liable for the past due bill and fees. Govan then appealed the judgment to the Harrison County Circuit Court, raising the same issues now before this Court. The Circuit Court affirmed the judgment of the County Court, finding that the County Court did not err in denying Jeremy Govan's motion for summary judgment and that Govan was liable for debts incurred by his wife during the marriage.
 II.
In this appeal, we are asked to consider whether a husband should be liable per se to a third party for debts incurred by his former wife during their marriage. Absent one spouse's express agreement to be obligated to a third party for the debts of the other, we find no basis in our current jurisprudence for such liability. Accordingly, we reverse the ruling of the Circuit Court and render judgment for the appellant.
Govan asserts that liability to third party creditors for debts incurred by his former wife during their marriage is a violation of equal protection under the fourteenth amendment to the United States Constitution as well as under Miss. Const. art. 4, § 94, which states:
 The legislature shall never create by law any distinction between the rights of men and women to acquire, own, enjoy, and dispose of property of all kinds, or their power to contract in reference thereto. Married women are hereby fully *Page 930 
emancipated from all disability on account of coverture. But this shall not prevent the legislature from regulating contracts between husband and wife; nor shall the legislature be prevented from regulating the sale of homesteads.
Moreover, Miss. Code Ann. § 93-3-1 (1972) legislatively abrogated the disability of coverture and vested married women with a panoply of rights. Both this Court and the legislature long have recognized "a clearly discernible nation-wide trend, of both state and federal legislation, to expand rather than restrict the economic and personal emancipation of women and their ever increasing participation in business and professional affairs." Cooke v. Adams, 183 So.2d 925, 927 (Miss. 1966). In expanding the rights of women, we also have placed on them greater responsibilities and obligations, accepting the contemporary reality that "[m]arried women today often are the breadwinners and have incomes and estates equal or superior to those of their husbands." Id. at 927. Miss. Code Ann. §93-5-23, for example, requires both parents to provide support for their minor children in proportion to their financial abilities. Our decisions, likewise, have ordered mothers to pay child support and wives to pay alimony. We have further broken down barriers between men and women by abrogating interspousal tort immunity. In this case, we do not address the obligation for debts as between spouses, but with regard to a third party creditor who, solely on the basis of the marriage contract, seeks to collect from one spouse, with whom it has no express agreement, the debts of the other.
In Cooke, we held that where a wife had not signed an express contract for her hospital care, her estate, not her estranged husband, was primarily responsible for payment of her hospital bills.[2] We stated that:
 [i]n the absence of any express agreement, where a married woman shall obtain necessities, whether in the form of goods or services, for her own personal use or benefit, under circumstances which, if she had not been married, would give rise by implication to a contract on her part to pay for such goods or services, she shall be liable, jointly with her husband, for the value of such goods or services, and recovery may be had from her separate estate.
Cooke, 183 So.2d at 927. Without resorting to the use of gender-neutral language, we clarified that, in so ruling, we did not seek to establish a constitutionally impermissible double standard for husbands and wives.
Following our decision in Cooke as well as the directives of Miss. Const. art. 4, § 94 and Miss. Code Ann. § 93-3-1, we find that the circuit court erred in finding Govan liable for his former wife's hospital bill. Likewise, had Govan incurred an obligation on his own behalf without his wife's express agreement, we would not find her liable. Only when both spouses have expressly contracted with a third party creditor may one be liable for the other's debts unless there is some type of an agency relationship.
 III.
Govan suggests that the common law duty of a husband to provide for his wife amounts to gender-based discrimination in violation of the fourteenth amendment to the United States Constitution. While we reach our holding in this case without deciding that issue, we note that while the notion may be regarded as outmoded or unfair, nothing in the cases we surveyed from other jurisdictions even hints that it is unconstitutional. Instead, courts and legislatures in other jurisdictions still acknowledge the duty, but in some instances, have expanded the doctrine to include a reciprocal duty of a wife to her husband. *Page 931 
Some jurisdictions have held that there is a duty of mutual or shared support between husband and wife, sometimes using the gender-neutral term, "spouse." The Louisiana Courts have held that "[o]ne of the legal consequences of the contract of marriage is the duty of support that one spouse owes the other." Guidryv. Guidry, 467 So.2d 96, 98 (La. App. 3rd Cir. 1985); Collinsv. Collins, 458 So.2d 1008, 1010 (La. App. 3rd Cir. 1984); Seealso Yale University School of Medicine v. Collier,206 Conn. 31, 536 A.2d 588, 591 (1988). In Ohio, a wife was found to be liable for the medical expenses of her deceased husband for which she had not contracted only when his own assets were insufficient to cover the amount owed. Ohio State University Hospital v.Kinkaid, 48 Ohio St.3d 78, 549 N.E.2d 517, 518 (1990). The Ohio Court cited R.C. 3103.03 for the proposition that "[t]he husband must support himself, his wife, and his minor children out of his property or by his labor. If he is unable to do so, the wife must assist him so far as she is able." In so holding, the Ohio Court further noted that:
 We are aware of the strong public policy argument that the responsibility of support between a wife and husband should be one of mutual and equal obligation. We recognize that it is a desirable goal to have autonomy and equality regardless of gender. We are also mindful of R.C. 3103.01 which provides that "[h]usband and wife contract towards each other obligations of mutual respect, fidelity and support." (Emphasis added.)
549 N.E.2d at 519. Indeed, we said as much in Cooke, when noting the obligation and duty a husband and wife have to one other.
 IV.
Nothing in our jurisprudence obligates one spouse to be liable to a third party for the debts of the other without express consent. To hold otherwise would violate art. 4, § 94 of the Mississippi Constitution and open the door for either spouse to control or deplete the other's separate estate. Accordingly, we reverse the decision of the Circuit Court and render judgment here for appellant.
REVERSED AND RENDERED.
HAWKINS, C.J., DAN M. LEE, P.J., and BANKS, ROBERTS and SMITH, JJ., concur.
BANKS, J., concurs with separate written opinion.
PRATHER, P.J., dissents with separate written opinion joined by SULLIVAN and PITTMAN, JJ.
[1] The record is silent as to when the couple ultimately separated and divorced, however, it does not matter for purposes of this appeal.
[2] In so ruling we expressly overruled McLemore v. Riley'sHospital, Inc., 197 Miss. 317, 20 So.2d 67 (1944) wherein a married woman's liability for her own debts attached only when she expressly agreed to the obligation. We found that the rule inMcLemore "is unrealistic and does violence to the legislative policy expressed in [Miss. Code Ann.] section 451 [1956]."Cooke, 183 So.2d at 927.