Respectfully, I dissent from the majority opinion because it departs from well-entrenched law of this state. In this case, the issue is whether a husband is legally responsible for necessary medical treatment furnished his wife by a third party during their marriage.
 I.
Medical Credit Services, Inc., assignee of Memorial Hospital at Gulfport, sued Jeremy R. Govan, husband of Kimberly Govan, for medical services rendered his wife during their marriage. The county court entered an order granting Govan time within which to join his wife in the suit finding that both parties appear to be "jointly" liable for the debt. After service of process on the wife, the county court entered two orders: "Judgment on the Pleading" against Jeremy R. Govan and "Judgment *Page 932 
by Default" against Kimberly — each for the full debt, attorney's fee, interest, and costs. Jeremy Govan appealed to the circuit court and to this Court seeking reversal of the judgment entered against him.
Jeremy Govan (Govan) asserts a denial of equal protection of the law under the Fourteenth Amendment of the United States Constitution. He also bases his position on the Mississippi Constitution Art. 4, Section 94 and Miss. Code Ann. § 93-3-1
(1972), removing the disability of coverture of married women in 1872. Relying on these authorities and Cooke v. Adams,183 So.2d 925 (Miss. 1966), the majority reverses the judgment against the husband. I respectfully submit that these authorities are not supportive of this conclusion.
 II.
Historically, in Mississippi "[o]ne of the most fundamental duties growing out of the law of domestic relations is the duty of the husband to support the wife. That duty arises out of the marital relationship and continues during the existence of that relationship." Henderson v. Henderson, 208 Miss. 98, 104,43 So.2d 871, 872 (1950); Thompson v. Thompson, 527 So.2d 617, 621 (Miss. 1988).
It is true that contemporary concepts of the rights of women have eroded our attitudes toward this basic and fundamental duty. This is evidenced and expressed in interpretation of our case law. However, I strongly disagree that in Cooke, cited by the majority, this Court abandoned totally the basic principles ofHenderson and Thompson, and that today a husband is under no duty to provide medical services for his wife. The majority totally omits a quotation from Cooke that stated this principle:
 It is not intended that anything in this decision shall diminish, or affect any duty or obligation of husband and wife to each other, nor the obligation which rests upon the husband to support his wife and family, nor their right to look to him for such support.
Id. at 927. (Emphasis added).
The law on this subject has been in transition. This contemporary trend is expressed in general terms by an annotation at 20 A.L.R. 4th 198-199, as follows:
 A question has arisen in the modern cases within the scope of this annotation concerning whether the husband remains, as under common law, primarily or solely liable for necessaries furnished the wife, with the wife being liable under various theories but only in a secondary capacity, or whether the wife herself may be equally or primarily liable. Thus, in a number of cases, the courts have ruled that the husband remains primarily liable, so that he must be sued first before an action could be brought against the wife, but if the judgment against the husband remained unsatisfied, the wife could be held secondarily liable under contractual theories of liability. . . . Some of these cases reasoned that despite the growing equality of women with men in terms of employment, their incomes lagged far behind their male counterparts, so that primary liability of the husbands was appropriate. In other cases, the courts have taken the general position that the husband was primarily or solely liable, and that the wife could be held liable if she expressly contracted, without stating whether an action could be brought against the wife without prior action being taken against the husband or whether the wife was secondarily liable. . . . On the other hand, other cases rejected as inapplicable to modern social and economic conditions the common-law rule immunizing a wife from liability for her own necessaries, noting that such rule was no longer applicable in modern society where many married women were employed and could pay for their own necessaries. Consequently, a number of these courts, frequently reasoning that the spouse incurring expenses for necessary goods should be held primarily liable therefor and the other spouse only secondarily liable therefor, have held that a wife purchasing her necessaries should be held primarily liable and her husband only secondarily liable. . . . Based on similar reasoning, other courts have taken *Page 933 
the position that both spouses should be jointly held liable for each other's necessaries. . . .
Mississippi's case law has not definitively adopted one of these alternative dispositions in this evolving area of the law. The Cooke holding is predicated upon two conditions: (1) a married woman having a separate estate, and (2) having obtained necessities under circumstances that would give rise to an implied contract. In Cooke, the deceased wife had an estate, but in the instant case, the record is silent. Likewise, inCooke, the Court expressly continued the husband's obligation to support his wife; but the majority opinion ignores that part of the holding of Cooke, and adopts a contrary result.
The majority opinion bases its decision on Miss. Const. Art. 4, Sec. 94 and on Miss. Code Ann. § 93-3-1 (1972). The subject matter of that authority deals with removal of the disability of married women to own property, and to contract with reference to their property. But that legislation does not address the liability of a wife for necessities absent an express contractual agreement. Cooke modified this common law rule to imply a contract under limited circumstances.
In addition, the majority relies on Miss. Code Ann. § 93-5-23
(1972) and states that both parents are to provide support for their minor children in proportion to their financial abilities. However, this ignores what this Court stated in Tedford v.Dempsey, 437 So.2d 410, 422 (Miss. 1983) when we recognized that in entering a child-support order, a chancellor must consider what is reasonable and that financial resources reasonably available to each parent is but one factor. Further this Court stated that "[i]t is more than a realistic recognition that in our society men still have a far greater earning capacity than do women." This Court recognizes that the custodial parent also provides "in kind" services. Indeed, substantial non-monetary contributions by a non-working mother have been acknowledged to be valuable contributions. Each case is based on its particular circumstances, and to require a greater contribution from the father when the circumstances requires it evidences a compelling state interest and does not offend the equal protection requirement of the constitution and § 93-5-23. It is my position that the authorities relied on by the majority are not supportive of the result reached.
 III.
If this Court is ready to adopt a new interpretation of its law on this subject in view of contemporary attitudes, it is my position that this Court should rule that a husband remains primarily liable for necessaries of his wife and children. But if the judgment against the husband is unsatisfied, then the wife could be held secondarily liable under implied contractual theories of liability where she is employed and could pay for her necessaries. Estate of Stromsted, 99 Wis.2d 136, 299 N.W.2d 226
(1980). This rule would permit the trial court to determine the wife's employment status, her separate estate, if any, and her relative ability to pay. Whether the parties are separated and living apart is an important factor, also.
Other alternatives are also available. But respectfully, I suggest that the majority's views do not represent mine, and I therefore dissent.
SULLIVAN and PITTMAN, JJ., join this opinion.