Hill McLain and his former wife Vivian McLain have a son Jessie "Mike" McLain. In the fall of 1987, Mike was injured in a high-school football game in Alabama where he and his mother resided. Hill McLain was a resident of Wayne County, Mississippi. On October 16, 1987, a clinic then known as Medical Park Bone 
Joint Center, P.A. performed knee surgery on Mike for a torn ligament. He was seventeen (17) years old at the time. Mike was discharged on October 18, 1987. Handwritten on the line marked "PATIENT'S SIGNATURE" on the contract for payment of medical expenses is "Jessie M. McLain L.V.M." Handwritten on the line marked "INSURED'S SIGNATURE" is "Hill C. McLain." "L.V.M." were apparently the initials of Hill's former wife Vivian. On the consent to medical treatment form, "L. Vivian McLain" was the insured/guarantor signature, and Mike McLain signed as the patient.
On June 6, 1990, West Side Bone Joint Center ("West Side") filed suit against Hill McLain in the Wayne County Circuit Court seeking payment of an overdue bill for medical services rendered to Mike McLain in the amount of $1,416.00 and reasonable attorney's fees. West Side also sought 8% interest and court costs. The principal payment had been due since January 12, 1989. West Side was a medical clinic in Mobile, Alabama doing business under Alabama law. They named Hill McLain, Vivian McLain, and Jessie McLain defendants. The amount sought by West Side, however, was not the total amount due for services rendered to the child, as Hill McLain's insurance through his employer, Hood Industries, already paid a portion of his son's medical bill.
Hill McLain denied the substantive allegations of the complaint, and counter-claimed for malicious prosecution. He argues that West Side contacted him before instituting the lawsuit and informed him that they knew he did not sign the contract to pay for the medical services. McLain alleges that he was damaged in that he had to hire an attorney for his defense, and that he suffered emotional anguish due to the institution of an action by West Side that was intentionally done to cause distress. He also argued that West Side's intentional acts entitled him to $250,000 in punitive damages.
In their response to the counterclaim, West Side admitted that McLain did not contract with them since he did not sign the contract. West Side added, "However, McLain's naked assertions that he is not responsible for the debt in no way affects the claim against him based upon a parent's responsibility to pay for the medical expense of the child." *Page 121 
West Side moved for summary judgment arguing that the medical treatment performed by its doctors for Mike was necessary. West Side further argued that a father is responsible for the necessary medical care for his child, regardless of the fact that the parent has not assented to a contract for payment.
Hill McLain moved for partial summary judgment, arguing that the fact that he did not enter into any agreement to pay for the medical expenses was uncontradicted. His affidavit contains the assertion that he was not informed of his son's treatment before it was performed and that he did not authorize the treatment. The parties stipulated, for the purpose of the summary judgment motions, that the signature on the admission form was not Hill McLain's signature. He stated that he did not agree to pay for his son's medical treatment, except for his submission to the divorce decree which required him to maintain insurance with his employer for his son Mike.
McLain argued that a reading of the complaint filed by West Side limited it to a single claim based upon a contract to which he was not a party, and that their doctrine of necessities did not apply.
McLain further contends that to require him to pay the child's expenses would amount to usurpation of the chancery court's jurisdiction to determine the rights and responsibilities between former husband and wife since he had already fully complied with the chancery decree by providing the medical insurance for his son. He claimed that the suit would have to be brought against him in chancery court in order for him to have to provide more than required by the divorce decree.
At the hearing on cross motions for summary judgment, the trial judge concluded that West Side had provided Mike McLain necessary medical treatment at the request of his mother. He determined that Hill McLain, as natural and legal father, was responsible for the reasonable and necessary medical expenses of his minor son, even in the absence of a signed contract between him and the medical clinic. The court thereupon found that under the doctrine of necessities, Hill McLain, as father, owed West Side the cost of his son Mike's medical treatment. The trial judge concluded that the divorce and orders were binding only upon the parties and their child, and not third parties. The court further stated that if McLain's payment exceeded his duties under the divorce and modification decrees, then his proper course of relief would be a pleading against his former wife in chancery court.
The trial court also determined that West Side had followed the open account statute entitling them to one third of the judgment in attorney's fees. Additionally, 8% interest per annum from January 1989 until payment of the judgment was added to the sum of the unpaid amount and attorney's fees. Broken down, the amount found to be due was $1,416.00 in principal, $471.95 for attorney's fees, plus eight percent (8%) interest per year calculated on the sum total of $1,887.95.
In the case of Govan v. Medical Credit Services,621 So.2d 928, 930 (Miss. 1993), this Court held that absent some type of agency relationship, a husband was not responsible to a third party for the medical debts of his wife where he had not contracted with the third party to pay that debt. The Court determined that the marriage relationship could not be the basis for a third party's enforcement of a contract against a spouse who was not a party to the contract Id. It follows that Hill C. McLain, being divorced from Vivian, clearly owes West Side Bone and Joint Center nothing under contract law as both parties stipulated that he did not sign the contract, and that, in fact, his signature on the contract was a forgery. Summary judgment in favor of McLain on this issue was proper.
There remains the issue of whether or not the doctrine of necessities requires McLain to pay the medical debt of his son Mike. As a preliminary matter, we find that West Side, in accordance with Rule 8 of Mississippi Rules of Civil Procedure, included a short and plain statement in its complaint sufficient to put McLain on notice that West Side might be entitled to relief under this doctrine. While the State of Mississippi does not in fact have the doctrine of necessities, *Page 122 
we do recognize the doctrine closely akin thereto. Mississippi law requires parents to pay for their child's reasonable medical expenses. Lane v. Webb, 220 So.2d 281, 285 (Miss. 1969). This is a legal duty of both the father and the mother. Alexander v.Alexander, 494 So.2d 365, 368 (Miss. 1986); see Calton v.Calton, 485 So.2d 309, 310 (Miss. 1986) (finding that parental duty to support children is a vested right of child which can not be contracted away). It is a continuing duty which is not terminated upon divorce or an award of custody. Simpson v.Rast, 258 So.2d 233 (Miss. 1972); Rasch v. Rasch, 250 Miss. 885, 898, 168 So.2d 738, 744 (1964). A minor child is not ultimately legally liable for these expenses. Haver v. Hinson,385 So.2d 605, 609 (Miss. 1980). Therefore, Hill and Vivian were equally liable for the medical bills incurred by Mike as a result of his injury. It is apparent that Vivian was not brought within the jurisdiction of the Wayne County Circuit Court. However, the moral and legal obligation of both parents to provide necessary medical care to his or her child necessarily infers that the liability of the parents to a third party is joint and several.Simpson, 258 So.2d at 236. This obligation exists on the part of both parents even though the custodial parent has the discretion to select the proper medical care that may be needed for a minor child. Clements v. Young, 481 So.2d 263, 267 (Miss. 1985).
The question remains: what medical expenses are the parents liable for under the circumstances at hand? In Hoar v. Hoar,404 So.2d 1032, 1036 (1981), this Court held that "[a]n award of support for children covers ordinary medical expenses, however, the principal is well established that support does not cover extraordinary medical expenses and the parents are liable for same." Accordingly, McLain can only be held liable for the ordinary, reasonable, and necessary medical expenses incurred by his minor child. Whether certain expenses are reasonable and necessary involves a question of ultimate fact which must be resolved before the non-custodial divorced parent can be assessed with the costs of medical care. Smith v. Smith, 405 So.2d 896, 898 (Miss. 1981). In Clements, we further defined the proof necessary to establish whether certain medical expenses were "reasonable and necessary." Clements, 481 So.2d at 267-68.Clements deferred to Miss. Code Ann. § 41-9-119 which states,
 Proof that medical, hospital, and doctor bills were paid or incurred because of any illness, disease, or injury shall be prima facie evidence that such bills so paid were necessary and reasonable.
Mike McLain's accident on the football field is an "injury" as contemplated by this statute. Accordingly, the hospital bills associated with Mike's injury are prima facie evidence of the reasonableness and necessity of the treatment administered by West Side. Appellant certainly would not be precluded from attacking this prima facie showing, although he has not raised this as an objection anywhere in the record before this Court.See also Clements, 481 So.2d at 269 (stating that medical bills may be regarded as "substantial evidence" by trier of fact even when attacked by defendant). Without an objection to the validity of the medical bills, or any evidence in the record to the contrary, we conclude that the medical services rendered by West Side which are evidenced by its bills were reasonable and necessary.
From the affidavit in this application for summary judgment, it appears that the obligations of Hill McLain under the divorce decree have been fully met. McLain fully complied with the chancery decree by providing the medical insurance for his son. The insurer even paid a large portion of the expenses incurred as a result of Mike's injury. McLain argues that to require him to pay the child's additional expenses would amount to usurpation of the chancery court's jurisdiction to determine the rights and responsibilities between former husband and wife since he was in full compliance with the divorce decree. McLain claims that the suit would have to be brought against him in chancery court in order for him to have to provide more than required by the divorce decree. While it is true that the legal obligation of Vivian McLain to pay the medical bills remains the same as that of her exhusband under Mississippi's version of the doctrine of necessities for reasonable medical care for a child, it is clear that the existence *Page 123 
of a divorce decree does not require West Side to resolve the dispute between the divorced parties before being able to collect a debt for which Hill McLain was under the legal duty to pay, and for which he was ordered to pay while properly under the jurisdiction of the circuit court. The circuit judge properly concluded that Hill C. McLain should pay West Side and then take his dispute to the chancery court to determine whether or not he can recover from Vivian. West Side was simply not a party to the divorce decree. McLain may proceed in the Chancery Court of Wayne County, Mississippi, to determine if the payments made by his insurance satisfied the requirement of the divorce decree, or if in fact the reasonable necessity of the surgery, in spite of the forgery, would entitle him to an award of the difference between the amount paid by the insurance and the amount paid to West Side. Let it not be forgotten that Vivian McLain has an equal obligation to pay the reasonable and necessary medical expenses of her son. The question will remain whether or not the chancery court decree fully satisfies the obligations of both Vivian and Hill McLain to provide medical care for their child.
Normally, attorney's fees are not granted unless a statute or other authority so provides. Stanton Assocs. v. Bryant Constr.Co., 464 So.2d 499, 502 (Miss. 1985). The trial court found that West Side had complied with the provisions of Miss. Code Ann. §11-53-81 (Supp. 1994), Mississippi's open account statute, entitling it to attorney's fees. We find that the open account statute has no application to the case at hand. A parent's third party liability for the reasonable and necessary medical expenses of his or her child is based on a theory of implied contract.State of Ohio, Univ. of Cincinnati Hosp. v. Cohen,566 N.E.2d 187, 188-89 (Ohio Ct. App. 1989). This quasi-contractual obligation arises from the parents' duty to support their children. Madison Gen. Hosp. v. Haack, 124 Wis.2d 398,369 N.W.2d 663, 666 (1985). Quantum meruit is the measure of liability for a contract implied in law, and neither attorney's fees nor prejudgment interest are available in a suit in quantum meruit. Stanton Assocs., 464 So.2d at 502. The award of attorney's fees and prejudgment interest to West Side was therefore improper.
An account is not an "open account" within the meaning of the statute absent a final and certain agreement on price. Stanton Assocs., 464 So.2d at 503. West Side argues that it was entitled to collect attorney's fees under the open account because its claim was "liquidated." Being liquidated, however, is a necessary but insufficient condition for the open account statute to have application. The suit must still be one based on open account. Although West Side's documentation of the services rendered to Mike for his injuries were prima facie evidence that the bills were necessary, a fact never contested by McLain, the provider nevertheless bears the burden of proof to show that the expenses were reasonable and necessary to recover under a theory of implied contract. Wiggins Estate Co. v. Jeffery, 246 Ala. 183,19 So.2d 769, 774 (1944).
On the cross appeal of the malicious prosecution/abuse of process counter-claim by McLain, the trial court properly granted summary judgment in favor of West Side. As to the malicious prosecution claim, the tort must fail where a party has probable cause to institute an action. Allstate Ins. Co. v. Moulton,464 So.2d 507, 510 (Miss. 1985). West Side truly believed McLain was liable for his son's medical expenses, and West succeeded in its claim against McLain. The three elements of abuse of process are: (1) the party made an illegal use of the process, (2) the party had an ulterior motive, and (3) damage resulted from the perverted use of process. State ex rel. Foster v. Turner,319 So.2d 233, 236 (Miss. 1975). It appears as though the crucial element of these torts, the intent to abuse the privileges of the legal system, is absent here. West Side rendered medical services and issued civil process to collect the debt with the collection of the debt being its primary purpose. McLain's argument is without merit. The trial court's grant of summary judgment against his counterclaim is affirmed.
The judgment of the trial court is affirmed as to the award of necessary medical expenses to West Side and the grant of summary *Page 124 
judgment against McLain's counter-claim, but the trial court is reversed as to the award of attorney's fees and prejudgment interest since recovery was based on a theory of implied contract.
AFFIRMED IN PART; AND REVERSED IN PART.
HAWKINS, C.J., DAN M. LEE and PRATHER, P.JJ., and PITTMAN, BANKS, McRAE, JAMES L. ROBERTS Jr., and SMITH, JJ., concur.